

William W. Fick<br>
TEL: 857-321-8360<br>
FAX: 857-321-8361<br>
WFICK@FICKMARX.COM

December 5, 2019

**By E-Mail and ECF**
AUSA Stephanie Siegmann
AUSA George Varghese
U.S. Attorney's Office
One Courthouse Way
Boston, MA 02210

    Re:    *United States v. Haoyang Yu et al.*, No. 19-cr-10195-WGY

Dear Counsel:

    We write to request the following discovery:

1. Pursuant to Fed. Crim. P. 7(f) (Bill of Particulars), with regard to each of Counts 1-8 of the indictment, please identify the specific "performance data specifications, schematics, design layout and modeling files, manufacturing and fabrication process files, and testing procedures" that you allege to be trade secrets, the media or file(s) which contain each such trade secret, and the date(s) of alleged misappropriation.

2. Pursuant to Fed. Crim. P. 7(f) (Bill of Particulars), with regard to each of Counts 9-12 of the indictment, please identify the specific data or information alleged to be trade secrets contained in the particular computer file referenced in each count.

3. Please provide all reports concerning or comprising any examinations of digital devices, media, and files seized from Mr. Yu and/or Tricon.

4. With regard to the "Commodity Classification" completed on or about January 22, 2018 (DOJ-YU-000005), please provide the following:
    a. A copy of the "Inquiry of December 29, 2017 requesting commodity classification" and any documents or information submitted in connection therewith;
    b. All documents, notes, workpapers, reports, test results, and communications concerning or comprising the Commodity Classification, including without limitation all documents and information upon which the Licensing Officers relied in making their determination;

AUSA Stephanie Siegmann
AUSA George Varghese
December 5, 2019
Page 2 of 4

      c. All communications between or among the Department of Commerce and/or the Licensing Officers, on one hand, and law enforcement agents and/or prosecutors, on the other hand, concerning the Commodity Classification.

      d. All documents concerning any publication or distribution of the Commodity Classification.

5. All documents concerning any Commodity Classification or other U.S. government analysis of the ADI (Hittite) products HMC994 and/or HMC994A.

6. All documents, including without limitation notes, photographs, data, data plots, and communications, concerning the testing and comparison of TM-5054 and HMC-994A described in the ROI dated 6/11/18 (DOJ-YU-000038-000046).  We are aware of the records already produced in \ADI records\ADI_YU_005\.

7. All documents concerning or comprising "SOI#1" and/or "ADI's report" referenced in the ROI dated 6/17/2019 (DOJ-YU-000047-000048).

8. OCE ROI numbers 1, 4, 5, 6 and any post-dating number 7.

9. All documents, including without limitation reports and communications with or documents received from postal or courier companies, concerning identification or tracking of inbound and outbound mail or packages of Yu and Tricon.  We are aware of the documents already produced in \Automatic Discovery\Third Party Responses\.

10. All documents concerning or comprising any investigation of any mailings or shipments by Mr. Yu or Tricon to China. We are aware of DOJ-YU-000146 and DOJ-YU-000006.

11. All documents concerning or comprising any investigation of whether any vendor in China actually sold any Tricon product and/or was authorized to identify itself as a "sales representative" for Tricon.

12. The complete Guardian logs concerning Mr. Yu's computer activity at ADI and all documents and communications relating to those logs and the apparent selective extracts and/or summaries that were compiled and produced in \ADI Records\ADI-YU-001\ and \ADI Records\ADI-YU-006\.

13. Legible copies of the "Employee Egress – 90 day Trend" data contained in PDF files in \ADI Records\ADI-YU-001\.

14. All documents concerning or comprising communications or reports that led to commencement of the investigation of Mr. Yu and/or Tricon.

15. All communications, including without limitation emails, between or among the prosecution team, on one hand, and ADI, including its employees, agents, and/or counsel, on the other hand.

16. A list of all federal cases in the last 10 years, in this district and nationally, in which the defendant was charged with an offense under each of 18 U.S.C. § 1832 and 18 U.S.C. § 554, including the citizenship, race, and national origin of each defendant.

17. Any statistics, for this district and nationally, indicating the citizenship, race, and national origin of potential defendants the government declined to prosecute in the last 10 years under each of 18 U.S.C. § 1832 and 18 U.S.C. § 554.

18. All documents for the last 10 years concerning the investigation and/or decision whether to criminally prosecute other ADI and/or Hittite employees suspected of stealing intellectual property.

19. All documents and communications that suggest in any way that the decisions to investigate and/or prosecute Mr. Yu and/or Tricon were motived by citizenship, race, or national origin.

20. All documents concerning or comprising any FISA warrant(s) obtained in connection with the investigation of Mr. Yu and/or Tricon.

21. All documents and communications concerning the DOJ's Initiative to Combat Chinese Economic Espionage ("China Initiative") announced by the Attorney General on November 1, 2018. *See* <https://www.justice.gov/opa/page/file/1122686/download>

22. All documents and communications concerning the participation of U.S. Attorney Lelling or other D. Mass. USAO personnel in the China Initiative "Working Group."

23. All documents concerning the criteria to identify "priority trade secret theft cases" under the China Initiative.

24. All documents and data concerning the statement of DAG Rosenstein on December 20, 2018 that "[m]ore than 90 percent of the Department's cases alleging economic espionage over the past seven years involve China. More than two-thirds of the Department's cases involving theft of trade secrets are connected to China."

<https://www.justice.gov/opa/speech/deputy-attorney-general-rod-j-rosenstein-announces-charges-against-chinese-hackers>

25. All documents and communications concerning the presidential statement issued on March 22, 2018, entitled "President Donald J. Trump is Standing Up for American Innovation," available at <https://www.whitehouse.gov/briefings-statements/president-donald-j-trump-standing-american-innovation/>, including without limitation the Trump Administration's "investigation into Chinese acts, policies, and practices related to technology transfer, intellectual property, and innovation" and the planned "actions to respond to China's acts, policies, and practices involving the unfair and harmful acquisition of U.S. technology."

26. All documents concerning or comprising policies, practices, or criteria employed by the USAO or DOJ to guard against the influence of citizenship, race, national origin, or other invidious factors in selection of cases and defendants to investigate and prosecute.

27. All documents concerning or comprising policies, practices, or criteria employed by the USAO or DOJ concerning investigation and prosecution of offenses under each of 18 U.S.C. § 1832 and 18 U.S.C. § 554.

28. Documents sufficient to establish the technical capabilities of the pole camera used to surveil Mr. Yu's residence, including without limitation documents that establish whether the camera i) could be controlled remotely; ii) could zoom in close enough to read license plate numbers; and/or iii) created (a) digitally searchable file(s) or log(s).

29. All documents and information obtained from Win Semiconductors and/or any agreements between Win on the one hand and ADI or Tricon on the other hand.

Please feel free to contact me for any necessary clarifications and/or to narrow any areas of disagreement.

Thank you for your attention to this matter.

Sincerely,

William W. Fick

cc: Clerk, U.S. District Court (via ECF)