# EXHIBIT B



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 17, 2019

**Via Hand Delivery**

William W. Fick
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, Massachusetts 02110

Re: <u>United States v. Haoyang Yu & Tricon MMIC LLC, 19-cr-10195-WGY</u>

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(c) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government is hereby providing automatic discovery to the defendant Haoyang Yu ("Yu" or the "defendant") in this case. Our disclosures are below, but first we summarize (1) what is enclosed with this letter, (2) the status of additional anticipated discovery, and (3) the designation of Confidential Discovery Materials, as defined in the Court's protective order.

1. Included with this letter are the following:

   - Documents and records obtained from Analog Devices Inc. (ADI-YU-1 – ADI-YU-18941; ADI-YU-PRES-1 – ADI-YU-PRES-10) *(folder name:* ADI Records);

   - The defendant's United States passport application (DOJ-YU-1 – DOJ-YU-4) *(folder name:* Defendant's Background);

   - Documents and records related to Tricon MMIC's exports of products, including seized shipments in May and November 2018 (DOJ-YU-5 – DOJ-YU-35) *(folder name:* Export Information);

   - Investigative reports written by federal agents (DOJ-YU-36 – DOJ-YU-175) *(folder name:* Law Enforcement Reports);

   - Defendant's communications with an undercover agent (DOJ-YU-176 – DOJ-YU-185) *(folder name:* Law Enforcement UC Emails);

- Photographs of the May 2018 seized Tricon MMIC shipment, the May 2019 intercepted Win Semiconductor shipment, the search of Yu's residence, the search of Andrew Cobin's residence, and Yu's business cards (DOJ-YU-186 – DOJ-YU-262) (*folder name:* Photos);

- Recorded statements of Yu and his wife (DOJ-YU-263 – DOJ-YU-265) (*folder name:* Recorded Statements);

- Search warrant applications, warrants, and returns (DOJ-YU-266 – DOJ-YU-1218) (*folder name:* Search Warrants);

- Documents and records from third parties (DOJ-YU-1219 – DOJ-YU-2482; CX2 – CX217; ) (*folder name:* Third Party Responses); and

- Records and documents of Tricon MMIC LLC (DOJ-YU-2483 – DOJ-YU-2582) (*folder name:* Tricon Information).

2.  As discussed, we have received the four terabyte hard drive that you have provided and have asked law enforcement agents to load on the hard drive copies of the contents of the electronic media, specifically Yu's iPhone, computer hard drives, and flash drives, seized during the execution of the search warrant at Yu's residence on June 14, 2019. The electronic media seized is further detailed in the seizure list in the "Search Warrants\Search Warrant Returns" folder (DOJ-YU-550 – DOJ-YU-555). We expect that this process will take 1-2 weeks and upon completion will be promptly produced to you. There is additional electronic media seized during the search of the defendant's residence, including additional phones and tablets which the government is still reviewing. If we determine that any of these materials are relevant or otherwise discoverable, we will be providing them to you consistent with our discovery obligations.

In addition, the government has surveillance video recorded at Yu's residence from May 25, 2018 through April 30, 2019. At this point, we do not anticipate using any surveillance video beyond what is provided in this production. If we decide to use any of additional video, we will provide copies to you. If you would like the complete video, please provide us with a 2TB hard drive and we can produce it to you.

Furthermore, we have additional voluminous records that we are still reviewing, including documents and records from Yu's most recent employer Keysight Technologies, Inc. If we determine that any of these materials are relevant or otherwise discoverable, we will be providing them to you consistent with our discovery obligations.

Lastly, we have in our possession a copy of the defendant's alien file. At this time, we do not anticipate using any of the documents contained therein at a trial of the current charges against the defendant. Nevertheless, if you are interested in reviewing the file, we can make it available to you.

3.  As you are aware, the Court entered a protective order in this case on July 10, 2019 (Dkt. No. 36). The government is designating the records and documents provided by ADI (*folder name:* ADI Records) and the law enforcement reports detailing the examination of Tricon and ADI

parts (DOJ-YU-38 – DOJ-YU-48; DOJ-YU-60 – DOJ-YU-75; DOJ-YU-150 – DOJ-YU-151; and DOJ-YU-170 – DOJ-YU-173) as Confidential Discovery Materials subject to the Court's protective order. Additionally, the contents of the haoyang.yu@gmail search warrant (18-MJ-5182-JGD) and the electronic media seized at Yu's residence contain ADI confidential materials. We therefore designate these records as Confidential Discovery Materials as well.

*     *     *

### A. Rule 16 Materials

1. **Statements of Defendant under Rule 16(a)(1)(A) & (a)(1)(B)**

    a. **Recorded Statements**

    During the search of his residence, the defendant waived his *Miranda* rights and provided a statement to law enforcement agents. The statement was recorded. A copy of the audio recording is located in the folder "Recorded Statements\Haoyang Yu."

    b. **Written Statements**

    We are producing to you copies of e-mails that the defendant wrote from various e-mail accounts as well as documents and records he authored or signed during his employment at ADI and Qorvo, Inc. (TriQuint Semiconductor, Inc. at the time he worked there), and documents and notebooks that were seized from the defendant's residence. These written statements may be found in the folders "ADI Records," "Search Warrants\Search Warrant Returns," and "Third Party Responses\Qorvo." We are also producing to you e-mail communications between the defendant and an undercover law enforcement agent. These communications are located in the folder "Law Enforcement UC Emails" (DOJ-YU-176 – DOJ-YU-185). Lastly, we are producing to you copies of two versions of the TRICON's website, which contain statements of the defendant (DOJ-YU-2494 – DOJ-YU-2582).

    c. **Grand Jury Testimony of the Defendant**

    The defendant did not testify before a grand jury in relation to this case.

    d. **Oral Statements to Then Known Government Agents**

    The government is unaware of any additional oral statements made to government agents other than the defendant's recorded statement identified above.

2. **Defendant's Prior Record under Rule 16(a)(1)(D)**

    The government is unaware of any prior criminal record of the defendant at this time.

3.   **Documents and Tangible Objects under Rule 16(a)(1)(E)**

Enclosed are copies of the documents and tangible objects within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence-in-chief at the trial of this case, or were obtained from or belong to the defendant. As mentioned above, the government will be producing additional materials in the near future, including electronic media seized from the defendant's residence, specifically Yu's iPhone, computer hard drives, and flash drives.

In addition, there are tangible items that are in the government's possession, custody, or control that the government is not producing but will make available for the defendant's inspection on request, including Tricon MMIC products, which were seized between May 2018 and November 2018 during border searches of international shipments, as well as from execution of the search warrants on June 14, 2019. The tangible evidence, along with the originals of documents and records seized during these searches, may be inspected by contacting the undersigned Assistant U.S. Attorneys and making an appointment to view the same at a mutually convenient time.

4.   **Reports of Examinations and Tests under Rule 16(a)(1)(F)**

Testing documents are contained within this discovery production. The testing documents describe and/or contain the results of testing of Tricon MMIC parts and their comparison to ADI equivalent products. These testing documents can be found in the folder "Law Enforcement Reports" (DOJ-YU-38 – DOJ-YU-48; DOJ-YU-60 – DOJ-YU-75; DOJ-YU-150 – DOJ-YU-151; and DOJ-YU-170 – DOJ-YU-173).

B.   **Search Materials under Local Rule 116.1(c)(1)(B)**

Enclosed in the folder titled "Search Warrants" are all executed search warrants and supporting affidavits, as well as the returns provided by the service providers or copies of the documents and records seized by agents during execution of the warrant at the defendant's residence. The search warrants obtained in this case are:

- 18-MJ-5143-JGD – search warrant executed for records and information of the e-mail account triconmmic@yahoo.com;

- 18-MJ-5181-JGD – search warrant executed for records and information of the e-mail account yhy51@yahoo.com;

- 18-MJ-5182-JGD – search warrant executed for records and information of the e-mail account haoyang.yu@gmail.com;

- 18-MJ-5183-JGD – search warrant executed for records and information of the Google Voice account 781-816-8007;

- 18-MJ-5190-JGD – search warrant executed for records and information of the e-mail account pilgrimmmic@gmail.com;

- 18-MJ-5191-JGD – search warrant executed for records and information of the e-mail account angie.yz.chen@gmail.com;

- 18-MJ-5192-JGD – search warrant executed for records and information of the e-mail account yanzhi.chen@gmail.com;

- 19-MJ-5267-JGD – search warrant executed for information related to the web site www.triconmmic.com;

- 19-MJ-7182-JCB – search warrant executed at the Tricon mail box located at the UPS store at 1337 Massachusetts Avenue, in Arlington;

- 19-MJ-7183-JCB – search warrant executed at Yu's residence located at 8 Plainfield Street, in Lexington;

- 19-MJ-7184-JCB – search warrant executed at Andrew Cobin's residence located at 93 Kilby Street, in Hingham;

- 19-MJ-7185-JCB – search warrant executed at the Quantum Microwave mail box located at the UPS store at 759 Chief Justice Cushing Highway, in Cohasset; and

- 19-MJ-7186-JCB – search warrant executed for records and information of the e-mail account pilgrimmmic@gmail.com.

In addition to the search warrants identified above, there were three border searches of international shipments in connection with this case. The border searches were as follows:

- May 31, 2018 – Homeland Security Investigations intercepted an outbound shipment from Tricon MMIC LLC to a recipient in Spain. The shipment contained two Tricon MMIC products.

- November 29, 2018 – Homeland Security Investigations intercepted an outbound shipment from Tricon MMIC LLC to a recipient in Spain. The shipment contained 15 Tricon MMIC products.

- May 23, 2019 – Homeland Security Investigations intercepted an inbound shipment from Win Semiconductors Corporation in Taiwan to Tricon MMIC LLC. The shipment contained a wafer with an unknown number of MMIC amplifiers.

## C.    Electronic Surveillance under Local Rule 116.1(c)(1)(C)

The government is not aware of any oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 that were intercepted relating to the charges in the Indictment.

### D. Consensual Interceptions under Local Rule 116.1(c)(1)(D)

As explained above, we are producing to you e-mail communications between the defendant and an undercover law enforcement agent (DOJ-YU-176 – DOJ-YU-185). These communications are located in the folder "Law Enforcement UC Emails."

### E. Unindicted Coconspirators under Local Rule 116.1(c)(1)(E)

There are no conspiracy charges included in the indictment as of now, therefore, the government is not identifying any known unindicted coconspirators at this time.

### F. Identifications under Local Rule 116.1(c)(1)(F)

The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief such as a line-up, show-up, photo spread, or other display of an image of the defendant.

### G. Exculpatory Evidence Under Local Rule 116.2(b)(1)

With respect to the government's obligation under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a), the government states as follows:

1. The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2. The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness the government anticipates calling in its case-in-chief.

4. The government will disclose the criminal records, if any, of witnesses whom it anticipates calling in its case-in-chief at a later date.

**H.     Other Matters**

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(b)(1) and Rule 16 of the Federal Rules of Criminal Procedure. As we mentioned above, we anticipate additional evidence or material will be provided to you in the near future.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(d).

Please feel free to call us with any questions.

                                      Sincerely,

                                      ANDREW E. LELLING
                                      United States Attorney

By:                                 
                                      B. STEPHANIE SIEGMANN
                                      GEORGE P. VARGHESE
                                      Assistant United States Attorneys

Enclosure