# EXHIBIT F



U.S. Department of Justice

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

January 10, 2020

**VIA HAND DELIVERY**

William Fick, Esq.
Fick & Marx LLP
24 Federal Street, Fourth Floor
Boston, MA 02110

    Re:   United States v. Haoyang Hu, et al.
            Criminal Case No. 19-10195-WGY

Dear Attorney Fick:

    Enclosed, please find one disc containing documents labeled bates DOJ-YU-2583 to DOJ-YU-3425 and a hard-drive labeled bates DOJ-YU-3426. The passwords to access these materials will be sent via email.

    Additionally, this letter responds to your discovery letter dated December 5, 2019. At the outset, the government notes that it objects to those aspects of the defendant's requests that exceed the scope of the government's discovery obligations. As you are aware, the government's discovery obligations are limited to discovery mandated by Fed.R.Crim.P. 16, the Local Rules, *Brady, Giglio*, their progeny, and the Jencks Act. The Government hereby responds as follows:

Requests 1-2:

    The Government declines to respond to this request and notes that motions for bills of particulars must be filed within 14 days after arraignment under Fed. R. Crim. P. 7(f). The government further believes that the indictment and the discovery produced to date (including the Digital Guardian logs, search warrant affidavits, and reports of Analog Devices, Inc. ("ADI")) identifying the trade secrets stolen by Yu provides all the necessary details regarding the trade secrets charged in Counts 1-12.

Request 3:

The government objects to this request to the extent it exceeds the scope of the government's discovery obligations and the requirements of Fed. R. Crim. P. 16(a)(1)(F). As you are aware, the government's discovery obligations are limited to discovery mandated by Fed. R. Crim. P. 16, the Local Rules, *Brady*, *Giglio*, their progeny, and the *Jencks* Act. Without waiving this objection and subject to the protective order, to the extent they have not already been produced, the government produces herewith any law enforcement or ADI reports regarding any testing and analysis of the digital devices, media, or files seized from Yu or Tricon.

Request 4:

The government objects to this request as exceeding the scope of the government's discovery obligations. As you are aware, the government's discovery obligations are limited to discovery mandated by Fed. R. Crim.P. 16, the Local Rules, *Brady*, *Giglio*, their progeny, and the *Jencks* Act. Your request seeks information beyond the scope of those authorities. Without waiving this objection, SA Benjamin Hickok used a Department of Commerce case management system to request that a commodity classification be completed on TM-5054. In doing so, SA Hickok only submitted the specifications sheet (produced herewith as bates DOJ-YU-3414 through DOJ-YU-3417); SA Hickok had no communications with any licensing officer (nor did the prosecutors or any investigators); SA Hickok requested that the manufacturer not be contacted; and the commodity classification (bates labeled as DOJ-YU-00005) was not published or distributed to anyone outside the prosecution team.

Request 5

No responsive documents exist.

Request 6

The government objects to this request as exceeding the scope of the government's discovery obligations. As you are aware, the government's discovery obligations are limited to discovery mandated by Fed. R. Crim. P. 16, *Brady*, *Giglio*, their progeny, and the Jencks Act. Your request seeks information beyond the scope of those authorities. To the extent this request calls for disclosure of Jencks materials, the government will provide such materials in accordance with the Jencks Act, unless the government agrees to early disclosure of Jencks materials. Without waiving this objection, produced herewith are an ADI report and a power point presentation prepared by ADI regarding its testing and comparison of the TM5054 and HMC994A. *See* documents bates labeled DOJ-YU-2845 through DOJ-YU-2873. ADI's comparison of other parts recovered from Tricon wafers are also produced. As you note, the government has already produced law enforcement reports and photographs documenting this testing.

Request 7

The government objects to this request as exceeding the scope of the government's discovery obligations. As you are aware, the government's discovery obligations are limited to discovery mandated by Fed. R. Crim. P. 16, *Brady*, *Giglio*, their progeny, and the Jencks Act. Your request seeks information beyond the scope of those authorities. It is further exempted from disclosure under Fed. R. Crim. P. 16(a)(2). Without waiving this objection, the government has produced the ADI report referenced in DOJ-YU-000047-48, a letter from ADI's counsel answering follow-up questions pertaining to the ADI report, and all law enforcement reports that reference that report.

Request 8

The government objects to this request as exceeding the scope of the government's discovery obligations. As you are aware, the government's discovery obligations are limited to discovery mandated by Fed. R. Crim. P. 16, *Brady*, *Giglio*, their progeny, and the Jencks Act. Your request seeks information beyond the scope of those authorities. It is further exempted from disclosure under Fed. R. Crim. P. 16(a)(2). The government further notes that any reports containing any information required to be produced, have already been provided.

Request 9

All responsive materials have already been produced.

Requests 10-11

The government objects to this request as exceeding the scope of the government's discovery obligations. As you are aware, the government's discovery obligations are limited to discovery mandated by Fed. R. Crim. P. 16, *Brady*, *Giglio*, their progeny, and the Jencks Act. Your request seeks information beyond the scope of those authorities. It is further exempted from disclosure under Fed. R. Crim. P. 16(a)(2). Without waiving this objection, the government notes that reports and documents concerning Yu's shipments to China have already been produced. Additionally, reports concerning shipments to, and advertisements in, China are produced herewith. The government has also produced e-mail communications between Yu and Win Semiconductors that are responsive to this request. *See* documents bates labeled DOJ-YU-3002 through DOJ-YU-3264.

Request 12

All responsive documents have been or are produced herewith in the ADI reports.

Request 13

All responsive records in the possession, custody, or control of the government have already been produced.

Request 14

The government objects to this request as exceeding the scope of the government's discovery obligations. As you are aware, the government's discovery obligations are limited to discovery mandated by Fed. R. Crim. P. 16, *Brady*, *Giglio*, their progeny, and the Jencks Act. Your request seeks information beyond the scope of those authorities. It is further exempted from disclosure under Fed. R. Crim. P. 16(a)(2). Without waiving this objection, the government notes that it has produced reports summarizing the origin of the investigation. See documents bates labeled DOJ-YU-0000174-175 and DOJ-YU-2885-87.

Request 15

The government objects to this request as exceeding the scope of the government's discovery obligations. As you are aware, the government's discovery obligations are limited to discovery mandated by Fed. R. Crim. P. 16, *Brady*, *Giglio*, their progeny, and the Jencks Act. Your request seeks information beyond the scope of those authorities. To the extent this request calls for disclosure of Jencks materials, the government will provide such materials in accordance with the Jencks Act, unless the government agrees to early disclosure of Jencks materials. Without waiving this objection, produced herewith – subject to the Protective Order – are all letters and reports of ADI or its counsel that the government has in its possession, custody, or control. *See* documents bates labeled DOJ-YU-2758 through DOJ-YU-2808.

Requests 16-19

The government objects to these requests as they exceed the scope of Fed. R. Crim. P. 16 and the Local Rules. The government therefore declines to comply with these requests. As the Supreme Court has held in *United States v. Armstrong*, 517 U.S. 456, 463 (1996), "Rule 16(a)(1)(C) authorizes defendants to examine Government documents material to the preparation of their defense against the Government's case in chief, but not to the presentation of selective-prosecution claims." Furthermore, Rule 16 specifically exempts from discovery "reports, memoranda, or other internal government documents made by the attorney for the government or other government agents with the investigation or prosecution of the case." Fed. R. Crim. P. 16(a)(2).

Request 20

The government objects to this request on the grounds it is overbroad and exceeds the scope of Fed. R. Crim. P. 16 and the Local Rules. Without waiving this objection, the government confirms that no warrants other than those already produced were obtained to target Yu and/or Tricon. The government has further produced all recorded, relevant statements of the defendant (the undercover communications and recorded interview).

Requests 21-27

The government objects to these requests as they exceed the scope of Fed. R. Crim. P. 16 and the Local Rules. The government therefore declines to comply with these requests. As the

4

Supreme Court has held in *United States v. Armstrong*, 517 U.S. 456, 463 (1996), "Rule 16(a)(1)(C) authorizes defendants to examine Government documents material to the preparation of their defense against the Government's case in chief, but not to the presentation of selective-prosecution claims." Furthermore, as noted above, Rule 16 specifically exempts from discovery "reports, memoranda, or other internal government documents made by the attorney for the government or other government agents with the investigation or prosecution of the case." Fed. R. Crim. P. 16(a)(2). Without waiving this objection, the government notes that the investigation of Yu and Tricon was opened in December 2017, almost one year before the China Initiative was announced.

Request 28

The government objects to this request as exceeding the scope of the government's discovery obligations. As you are aware, the government's discovery obligations are limited to discovery mandated by Fed. R. Crim. P. 16, *Brady*, *Giglio*, their progeny, and the Jencks Act. Your request seeks information beyond the scope of those authorities. The government further notes that pole camera surveillance was not used as the basis of the probable cause underlying any of the search warrant affidavits.

Request 29

In addition to the discovery that has been previously been produced regarding communications between Win Semiconductors and Tricon, all documents obtained from Win Semiconductors is produced herewith as DOJ-YU-2949 through DOJ-YU-3413. Additionally, enclosed are copies of interview reports of Win Semiconductors employees. These documents are being produced pursuant to our plea discussions as they constitute the production of early Jencks statements.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney
District of Massachusetts

By: _____
B. Stephanie Siegmann
Amanda Beck
Assistant United States Attorneys

Enclosures DOJ-YU-2583 through DOJ-YU-3426