UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
UNITED STATES OF AMERICA               )
                                       )
                                       )     CRIMINAL ACTION
              v.                       )     NO. 19-10195-WGY
                                       )
                                       )
HAOYANG YU,                            )
                                       )
                    Defendant.         )
_____)

YOUNG, D.J.                                   October 9, 2020

**ORDER**

The defendant Haoyang Yu is charged with twenty-four counts stemming from an alleged scheme whereby he downloaded proprietary information from his then-employer Analog Devices, Inc. ("ADI") for the purpose of setting up a rival company marketing monolithic microwave integrated circuits ("MMICs"), a type of electronic with both civilian and military applications. The Government alleges Yu's company, Tricon LLC ("Tricon"), has violated export restrictions while manufacturing and marketing these MMICs in foreign countries.  Accordingly, its accusations against him include not only Theft of Trade Secrets in violation of 18 U.S.C. § 1832(a)(1) & a(4), but also Wire Fraud in violation of 18 U.S.C. § 1343, Smuggling in violation of 18 U.S.C. § 554, and even Visa Fraud in violation of 18 U.S.C. §

1

1546(a), because he received his naturalized citizenship after allegedly committing these crimes.   See generally ECF No. 78.

Yu has brought two motions to challenge the governments case.   The first is to dismiss the entire case on the theory that he is the victim of selective prosecution or selective enforcement based on his Chinese nationality.   ECF No. 55.   The second requests the suppression of evidence that his employer ADI collected in 2018 (on behalf of the Government) by analyzing its own internal records from 2017 of his computer usage, based on the theory that ADI-as-government-agent conducted an unreasonable, warrantless search by reviewing its own data.   ECF No. 56.   He has also requested, in the alternative, evidentiary hearings on both motions.   This Court held a non-evidentiary hearing on October 7, 2020 at which Yu and the Government presented their respective positions.

This Court will continue to hold Yu's first motion, on selective prosecution, under advisement.   Yu has cited to evidence that people of Chinese citizenship or ancestry in the United States are disproportionately targeted for prosecution of trade secrets violations.   ECF No. 56 at 14.   He argues there is also significant evidence of discriminatory intent against people of Chinese ancestry, referring to statements by the President and other officials.   Id. at 10-12.   The Government responds that the Department of Justice has prioritized

protecting American intellectual property in response to the well-documented espionage threat from the government of China, and that it bears no animosity towards Chinese people.  ECF No. 68 at 16.

More evidence is required to determine whether the eyebrow-raising statistics Yu has mustered are, in fact, relevant to his own case.  Fortunately, trials have a way of testing the evidence.  To justify pre-trial discovery, though, a defendant alleging selective prosecution bears the burden of demonstrating that the Government's enforcement of a law has both a discriminatory effect and a discriminatory purpose.  United States v. Armstrong, 517 U.S. 456, 465 (1996).  To do so, the defendant must show that "similarly situated individuals of a different race were not prosecuted."  Id. (citing Ah Sin v. Wittman, 198 U.S. 500, (1905).  Individuals are "similarly-situated" only if they have "committed roughly the same crime under roughly the same circumstances . . ."  United States v. Lewis, 517 F.3d 20, 27 (1st Cir. 2007).  A judge examining the degree of similarity considers all facts "material" to the decision to prosecute.  Id. at 27.

Yu has mustered a long list of civil trade secret cases that the government has chosen not to upgrade to criminal prosecution, as well as a civil case filed by ADI against non-Chinese defendants, also alleging significant theft of trade

secrets, that the Government has also declined to investigate.
ECF NO. 56 at 4-5 (citing Analog Devices, Inc. v. Macom Tech.
Solutions Holdings, Inc., No. 18-cv-11028-GAO (D. Mass.)
(O'toole, J.)).  Yet, if all of the Government's allegations are
true, Yu is not similarly situated to these other parties.  The
Government represents in the Superseding Indictment and at oral
arguments that not only is Yu suspected of stealing trade
secrets, but he also has recently worked as a security-cleared
government contractor, is suspected of visa fraud, has been
caught violating export controls with respect to Taiwan and
Spain, and is suspected of violating export controls to export
MMICs to both Turkey and China.  If all or most of the
Government's evidence on these separate material factors is
persuasive -- and, of course, it has not yet presented that
evidence to a jury -- this Court could not say that Yu has met
his burden of presenting other "similarly situated" individuals.
Lewis, 517 F.3d at 27.  There is a world of difference between
trade secret theft among American companies, and trade secret
theft where one of the parties violates export controls or
passes the stolen technology to a foreign entity.  If the
Government's evidence on these matters is not persuasive,
however, Yu's motion would have far more bite.

    This Court's judgment on Yu's motion to suppress the
evidence produced by his employer ADI is more straightforward:

the motion is denied.  See ECF No. 57.  This is because Yu had
no reasonable expectation of privacy in the data searched.  This
is for two reasons.  First, he had no right to privacy in the
actual information ADI reviewed, which consisted of only the
names and access-times of various files.  ECF No. 67 at 5.  This
information belonged to ADI, not Yu.  These logs collected
recordings of his ADI-owned computer's access to ADI-owned
documents and could not sweep in the contents of his personal
information.  Cf. O'Connor v. Ortega, 480 U.S. 709, 718 (1987)
(holding a public employee had a reasonable expectation of
privacy in the contents of his personal desk and filing
cabinet).  Second, ADI had in place a "Technology Resource
Policy" that warned employees that they "should have no
expectation of privacy" and that ADI could "search, monitor,
inspect, review, access and/or disclose" all data on its
technology platforms.  ECF No. 67-1 at ADI-YU-0000162, 165.
These type of policies constitute strong evidence that employees
lack a reasonable expectation of privacy in the covered
activities.  See Vega-Rodriguez v. Puerto Rico Tel. Co., 110
F.3d 174, 179-180 (1st Cir. 1997) (collecting cases); see also
Muick v. Glenayre Electronics, 280 F.3d 741, 743 (7th Cir.
2002); United States v. Simons, 206 F.3d 392, 398 (4th Cir.
2000); Am. Postal Workers Union v. U.S. Postal Serv., 871 F.2d
556, 560 (6th Cir. 1989).  This Court does not require further

evidence to rule that Yu had no reasonable expectation of privacy in the information that ADI uncovered.

Yu's motion to suppress evidence, ECF No. 57, is therefore DENIED in its entirety.  His motion to dismiss for unconstitutional selective enforcement and prosecution, ECF No. 55, will remain under advisement.

**SO ORDERED.**

/s/WILLIAM G. YOUNG
WILLIAM G. YOUNG
DISTRICT JUDGE