IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

HAOYANG YU, *et al.*

No. 19-cr-10195-WGY

## MOTION TO CONTINUE TRIAL

Defendants Haoyang Yu and Tricon MMIC, LLC respectfully move to continue trial in this matter, currently scheduled to begin on March 1, 2022, for at least 30 days, to April 4, 2022, on account of the just-issued Third Superseding Indictment and other circumstances, detailed below. The prosecution opposes this motion.

In support of this motion, Mr. Yu and Tricon state:

1.	On June 11, 2019, the prosecution obtained the original 15-count indictment against Mr. Yu and his start-up company, Tricon. D.E. 1. Through the end of 2021, the prosecution subsequently obtained two superseding indictments. *See* D.E. 78 (24-count First Superseding Indictment, issued October 1, 2020); D.E. 137 (18-count Second Superseding Indictment, issued October 13, 2021).

2.	Each successive indictment materially changed the case: the First Superseding Indictment changed the alleged objects of "smuggling" charges (18 U.S.C. § 554), added wire fraud charges (18 U.S.C. § 1343), and named Mr. Yu's wife, Yanzhi Chen, as a co-defendant; the Second Superseding Indictment dropped charges of smuggling and transporting stolen property (18 U.S.C. § 2314) and added charges of violating export controls (50 U.S.C. § 1705).

3.	On December 22, 2021, this Court continued the trial from January 18 to March 1, 2022, in light of the COVID-19 "Omicron" surge. D.E. 166.

1

4.        More than one month later, on January 26, 2022, and without any advance notice, the prosecution obtained a 21-count Third Superseding Indictment. D.E. 178. That eleventh-hour choice to bring new charges appears to have been a strategic decision, not one prompted by any investigative development concerning Mr. Yu or Tricon.

5.        The Defendants are scheduled to be arraigned on the Third Superseding Indictment on February 9, 2022.

6.        Yet again, the Third Superseding Indictment has materially changed the factual allegations and charges against Mr. Yu and Tricon in multiple ways.

7.        While the trade secret charges (Counts 1 to 12) in the Third Superseding Indictment may appear at first glance to be more specific than previous indictments, significant ambiguity remains.[1] And Counts 7, 9, 10, and 11 identify, for the first time, new purported "trade secrets" that Mr. Yu allegedly stole from his former employer, Analog Devices, Inc. ("ADI").

   a.    The Third Superseding Indictment identifies at least one MMIC product not charged in any prior indictments (HMC8325) (Count 7).

   b.    The Third Superseding Indictment also identifies the "Angelov model" (Count 9), "Nyquist tool" (Count 10), and "parameters" for predicting the performance of chips produced with WIN Semiconductor's "PP15-51 process" (Count 11), none of which

---

[1] Prior indictments contained trade secret charges identifying certain MMIC products and a wide range of purportedly "proprietary" information associated with them. The Third Superseding Indictment specifically identifies as trade secrets computer files — "GDS files" and "design layout files" — associated with some of those same products. But the charges (and the discovery produced to date) still fail to specify what substantive data or information contained in those computer files is allegedly "secret," that is, what is not "readily ascertainable" by simply examining the products, themselves. *See* 18 U.S.C. § 1839 (information must derive value from "not being readily ascertainable" to qualify as a trade secret).

appeared in any prior indictments.[2]

8.  In addition, the latest wire fraud charges (Counts 13 to 17) are based on a new alleged scheme, new alleged victim, two new alleged wires (Counts 13 and 16), and new "property" that Mr. Yu, Tricon, and Ms. Chen allegedly obtained.[3] The wire communication at issue in Count 13 was not previously produced in voluminous discovery, and apparently, it was only obtained by the prosecution in January 2022. Mr. Yu and Tricon are preparing a motion to dismiss these new charges under Fed. R. Crim. P. 12(b)(3)(B), because they do not properly allege violations of 18 U.S.C. § 1343.

9.  The Third Superseding Indictment contains other significant changes. For example, the previous indictment alleged that "personal electronic devices seized from Yu's home in June 2019 contained more than *150,000 files* that were ADI property. At least tens of thousands of these files had the same hash values as ADI's files. In other words, these files matched — bit-for-bit — those developed, owned, and still maintained by ADI." D.E. 137, ¶ 11 (emphasis added). The Third Superseding Indictment walks back these allegations: "Personal electronic devices seized from YU's home in June 2019 contained more than *2,000 unique files* that were ADI property.

---

[2] While the Second Superseding indictment generally mentioned "modeling files," that vague phrase could have referred to any among thousands of product performance metrics or other information in the more than *3 terabytes* of discovery produced by the prosecution. None of the prior indictments mentioned any of the specific, named, technical concepts listed in Counts 9-11 (whether described as a "model," a "tool" or a set of "parameters"), much less based charges on them. Nor does any discovery produced to date reveal the basis for any claim that the identified "model," "tool," and "parameters" have "independent economic value . . . from not being generally known . . . [or] not being readily ascertainable." 18 U.S.C. § 1839(3)(B).

[3] The Second Superseding Indictment alleged a scheme to defraud WIN Semiconductors in Taiwan by falsely claiming to "own" MMIC designs in order to obtain MMIC chips manufactured by the foundry. The Third Superseding Indictment alleges a scheme to fraudulently obtain "confidential and proprietary information and profits derived from that confidential proprietary information" from ADI, Mr. Yu's former employer in the United States. D.E. 178, ¶ 38.

These files had the same hash values as ADI's files. In other words, these files matched — bit-for-bit — those developed, owned, and still maintained by ADI." D.E. 178, ¶13 (emphasis added). The prosecution has not yet explained the 75-fold reduction in the scope of Mr. Yu's alleged theft nor disclosed who made the apparently exaggerated, erroneous claims under oath to the grand jury that returned the Second Superseding Indictment. And, to date, the prosecution has still not disclosed the methodology used to perform these various, conflicting file comparisons, insisting the computer forensic testimony is not subject to expert disclosure requirements.

10. While the prosecution has responded promptly to recent defense inquiries concerning the factual and documentary basis of new charges, preparing to defend against these new charges will nevertheless require extensive investigation and consultation with experts.

11. On February 3, 2022, the prosecution provided approximately 2,000 pages of additional pre-trial discovery, including materials concerning the new wire fraud charges.

12. As of this filing, the prosecution has not responded in writing to the motions in limine that Mr. Yu and Tricon filed on December 14, 2021. *See* D.E. 154, 155, 156, 157, and 158. Nor has the prosecution proposed possible stipulations or agreements that might resolve some of the issues raised by those motions, pursuant to discussions between the parties.

13. The parties continue to have disagreements about the adequacy of the prosecution's expert disclosures, that is, whether they meaningfully describe the *substance* of the anticipated expert testimony (not just proposed topics) and its *basis*. *See* Fed. R. Crim. P. 16(a)(1)(G). Accordingly, Mr. Yu and Tricon intend to file motions to compel further disclosures or alternatively to exclude experts.

14. While the prosecution has identified a handful files that are likely to be exhibits in support of the trade secret counts, as of this filing, it has not provided an exhibit list or actual

proposed exhibits.

15. As of this filing, the prosecution has provided a lengthy witness list, identifying 50 individuals, but it has not yet provided complete *Jencks*/3500 materials for those witnesses. Of 21 identified "civilian" witnesses, the defense has not yet received *any* interview reports for 17 of them, and it has received no grand jury testimony at all.[4]

16. As of this filing, the Department of Commerce has not yet produced any documents in response to the subpoena that Mr. Yu served on December 15, 2021. (In connection with the subpoena, the Department of Commerce is represented by the same attorneys who are prosecuting this matter. The parties have engaged in constructive discussions and reached tentative agreements about the scope of the subpoena, and the defendants are hopeful that materials will be produced soon, but the fact remains that they will require time to analyze the materials and conduct any necessary follow-up investigation and expert consultation.)

17. Given the complex nature of the charges and the substantial issues that remain outstanding, additional preparation time is necessary to safeguard Mr. Yu's and Tricon's rights to

---

[4] Government counsel have stated they may temporarily stop producing *Jencks* materials if the trial date is continued. Such strategic games are not conducive to orderly preparation or a fair trial. As the Editorial Board of *Massachusetts Lawyers Weekly* noted more than eight years ago:

> In the absence of some legitimate reason for prosecutors to have waited until the eve of trial to produce critical information to individuals it seeks to deprive of their liberty, this is sheer gamesmanship. And it's the type of "gotcha" justice that should be eliminated . . .
>
> Even if prosecutors are permitted to wait until just before trial to share certain types of information with the defense, why would they choose to exercise that right when a defendant's liberty, and the public's perception of the system's fairness, is on the line?

Editorial, U.*S. Attorney should stop 'gotcha' litigation tactics*, MASSACHUSETTS LAWYERS WEEKLY, Jan. 16, 2014, *available at* http://masslawyersweekly.com/2014/01/16/u-s-attorneyshould-stop-gotcha-litigation-tactics/.

fundamental due process, including a fair trial.

18.  Mr. Yu and Tricon share an interest in reasonably prompt adjudication with the prosecution, the Court, and the public. But it was the prosecution that precipitated the need for this requested continuance by obtaining the Third Superseding Indictment more than one month after this Court set the trial date. While this case has been pending for an extended period of time, it makes little sense to rush to trial just weeks after arraignment on materially different charges. A 30-day continuance would not prejudice anyone.

For the foregoing reasons, Defendants Haoyang Yu and Tricon MMIC, LLC respectfully request that this Court continue the trial for at least 30 days until April 4, 2022.[5]

Respectfully submitted,

**HAOYANG YU and
TRICON MMIC, LLC**

by their attorneys,

　　　*/s/ Daniel N. Marx*　　　
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO #601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

---

[5] The prosecution has estimated the trial will run for 4 weeks or more. Thus, if this Court is inclined to allow this motion and to reschedule the trial to begin on April 4, 2022, or later, undersigned counsel notes that an accommodation may be necessary for religious holiday observances on April 15, 2022 (Good Friday and the first night of Passover).

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 7, 2022.

                                            */s/ Daniel N. Marx*