```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
             v.               )    CRIMINAL ACTION
                              )    NO. 19-CR-10195-WGY
HAOYANG YU,                   )
                              )
             Defendant.       )
                              )
_____
```

YOUNG, D.J.                                      June 13, 2022

**ORDER**

Early on in the development of this case, the defendant Haoyang Yu moved to dismiss on the grounds of selective prosecution and enforcement.  Mot. Dismiss Indictment Due Unconstitutional Selective Enforcement & Prosecution, ECF No. 81.  The Court entertained briefing and heard argument on the motion but reserved decision.  Order, ECF No. 89.  In its order, the Court stated that "[m]ore evidence is required to determine whether the eyebrow-raising statistics Yu has mustered are, in fact, relevant to his own case."  Id. at 3.  This Court acknowledged that "Yu has mustered a long list of civil trade secret cases that the government has chosen not to upgrade to criminal prosecution, as well as a civil case filed by [Analog Devices, Inc.] against non-Chinese Defendants."  Given the

[1]

export control and visa fraud charges, however, the Court reasoned as follows:

> There is a world of difference between trade secret theft among American companies, and trade secret theft where one of the parties violates export controls or passes the stolen technology to a foreign entity.  **If the Government's evidence on these matters is not persuasive, however, Yu's motion would have far more bite.**

Id. at 4. (emphasis added).

Because "trials have a way of testing the evidence," the Court has continued to hold the motion under advisement.  Id. at 6.

Today, after a fifteen-day jury trial, Yu stands convicted of a single count of criminal theft of trade secrets.  18 U.S.C. §§ 1832(a)(3), (a)(4).  The indictment as ultimately crafted had additional counts for theft of trade secrets, wire fraud, criminal violation of foreign export regulations, and two immigration counts -- twenty-two counts in all.  Twenty counts were submitted to the jury, the Court having dismissed one wire fraud count for ineffective pleading and one immigration count for evidentiary insufficiency.  The jury convicted Yu on one count and acquitted him of the remaining nineteen.

Having thoroughly reviewed the briefs, the oral argument, and the present state of the record, the Court **DENIES** Yu's motion to dismiss at least insofar as it is grounded on selective prosecution.

[2]

The Supreme Court has highlighted the need to preserve prosecutorial discretion:

> A selective-prosecution claim asks a court to exercise judicial power over a "special province" of the Executive. The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws. They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to "take Care that the Laws be faithfully executed." U.S. Const., Art. II, § 3; see 28 U.S.C. §§ 516, 547.  As a result, the presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. . . . **In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary.**

United States v. Armstrong, 517 U.S. 456, 464-65 (1996) (emphasis added) (quotation marks, emendation, and citations omitted).

To obtain discovery for selective prosecution, the defendant must proffer "some evidence tending to show the existence of the essential elements of a selective prosecution claim."  Armstrong, 517 U.S. at 470 (citation marks omitted). "[T]he standard for obtaining discovery in support of a selective prosecution claim is only slightly lower than for a dismissal of the indictment; rather than presenting clear evidence, the defendant must produce some evidence making a credible showing of both discriminatory effect and

discriminatory intent." United States v. Venable, 666 F.3d 893, 900 (4th Cir. 2012) (emphasis added) (quotation marks omitted); accord United States v. Lewis, 517 F.3d 20, 27 (1st Cir. 2007) ("The evidentiary threshold that a defendant must cross in order to obtain discovery in aid of a selective prosecution claim is **somewhat below 'clear evidence,' but it is nonetheless fairly high**." (emphasis added)).  Put differently, because of the costs discovery would impose on the government, the standard for obtaining discovery is "correspondingly rigorous" and "should itself be a significant barrier to the litigation of insubstantial claims." Armstrong, 517 U.S. at 464, 468.

Sufficiently clear evidence that "similarly situated individuals of a different race were not prosecuted," Armstrong, 517 U.S. at 465, is simply not present here.  See United States v. Davis, 793 F.3d 712, 719 (7th Cir. 2015).

The Court concludes, however, that a claim of selective enforcement is not governed by Armstrong and may be established by a fair preponderance of the evidence.  Accordingly, some **limited** discovery may be appropriate.  See id. at 722.

The parties shall meet and confer and suggest what **limited** discovery might be appropriate at this stage.  Decision of the motion to dismiss on the ground of selective enforcement will thus remain reserved.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE