IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAOYANG YU | No. 19-cr-10195-WGY |

**DEFENDANT HAOYANG YU'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL OR,
IN THE ALTERNATIVE, FOR A NEW TRIAL**

Defendant, Haoyang Yu, respectfully submits this supplemental memorandum in support of his Motion for Judgment of Acquittal or, in the Alternative, for a New Trial [D.E. 286].

Mr. Yu recently became aware of new evidence that demonstrates the prosecution could never muster sufficient proof that he unlawfully possessed a "trade secret" consisting of "the design layout and GDS file for the HMC1022A microchip," as charged in the sole count of conviction. This information also proves that ADI, in both pretrial submissions to the prosecution and trial testimony, misrepresented key facts about the timing and substance of the design process and commercialization of the HMC1022A.[1]

Specifically, Mr. Yu has obtained evidence that refutes the government's allegation, highlighted in its closing argument, that the HMC1022A was not "released to sale" until February 15, 2019 (a claim based on representations by ADI, its employees, and its counsel[2]). In fact, ADI was selling a "pre-release" HMC1022A on its own website by no later than August 19, 2018.

---

[1] Mr. Yu separately advised the government of this information by letter dated August 12, 2022, which also contained additional discovery requests.

[2] *See, e.g.*, May 5 Tr. at 103-05 (John Cowles authenticating Exhibit 1). Agents and employees of ADI made similar specific representations to the prosecution and investigators prior to trial.

1

Moreover, this "pre-release" version apparently was available to the public, including via distributors, as early as 2015, and was likely manufactured from the very "prototype" design that Mr. Yu later possessed.

- The Internet Archive[3] captured a page from ADI's website dated August 19, 2018, that shows a "pre-release" version of HMC1022A for sale on the website as of that date. *See* Ex. A (available at https://web.archive.org/web/20180819003538/https:/www.analog.com/en/products/hmc1022a-die.html) (attached).

- The same Internet Archive capture also includes a .pdf datasheet linked to the ADI HMC1022A page on August 19, 2018. The first page of the datasheet contains the notation, "v01.1215," which, based on notations in other ADI datasheets, apparently signifies that the datasheet was created in 2015. *See* Ex. B (attached). Metadata for the file confirm it was created on December 20, 2015. Ex. C.

- The only design of HMC1022A that existed in 2015 was the design on mask K86, the one that Mr. Yu later possessed. Therefore, the "pre-released" product must have been manufactured from that design.

- The web page of a distributor, Radio Locman, shows the pre-release HMC1022A datasheet was uploaded to the site July 29, 2018, while the datasheet for the current version was uploaded March 5, 2021. *See* Ex. D (available at https://www.radiolocman.com/datasheet/data.html?di=527687&/HMC1022A-Die) (attached).

- Mr. Yu has reason to believe that additional investigation would confirm that the "pre-release" HMC1022A was being sold by ADI through third-party distributors as early as 2015.

As Mr. Yu previously argued in support of this motion, the surviving conviction must be vacated because he possessed only an abandoned "prototype" design of HMC1022A that differs from the design of "the" actual chip, charged in the indictment and described in trial testimony, which ADI released to market in 2019 and still sells today.

---

[3] The Internet Archive is non-profit organization that collects and stores digital artifacts, including web pages saved on particular dates in time. *See* https://archive.org/about/ .

The new information demolishes any potential residual argument that Mr. Yu's possession of the design layout and GDS file for ADI's earlier, abandoned "prototype" nevertheless constitutes a criminal trade secret offense, and it undermines the integrity of the verdict.

<u>First</u>, the August 2018 ADI website capture and July 2018 datasheet upload on the Radio Locman website demonstrate that Mr. Yu could not possibly have obtained any competitive advantage by being "first to market" (a potential fact that this Court expressly identified in response to a jury question, over defense objection, as one that could satisfy the "injury" element of the statute, *see* 5/26 Tr. at 8), because ADI was selling the "pre-release" HMC1022A as early as 2015 and certainly by no later than August 19, 2018, while Mr. Yu did not receive manufactured TM5051 and TM5052 chips from WIN until September 5, 2018 (Ex. 227), and could not have started selling them before that time. This new evidence establishes conclusively that it was ADI which was "first to market" with the HMC1022A (which was, itself, just a "translation" of the legacy HMC1022 issued in 2010 or 2011).

<u>Second</u>, the apparent public availability of a HMC1022A chip as early as 2015, two years prior to Mr. Yu's departure from ADI, which was likely manufactured from the same "prototype" design Mr. Yu that possessed, eliminates any possible principled distinction between Count One and the other trade secret counts on which the jury acquitted. The design layout and GDS file for the HMC1022A "prototype" that Mr. Yu possessed could not have been a trade secret (or secrets) because the chip, itself, was publicly available, and the critical features of its design were, therefore, readily ascertainable to persons who could make use of them, such as competitors in the chip industry.

The new information also impugns the integrity of the verdict. Even assuming, for the sake of argument, that ADI's various representations that the HMC1022A was not "released to sale" until 2019 and Robert Norton's trial testimony that ADI "never sold" the prototype, 5/12 Tr. at 55, could somehow be construed as technically correct, the company and its agents plainly omitted material information and left the government, the defense, and the jury with an incomplete, inaccurate, and misleading picture about the facts and chronology surrounding the design and commercialization of the HMC1022A.

Accordingly, the Court should order a judgment of acquittal or new trial.

Respectfully submitted,

**HAOYANG YU**

by his attorneys,

    */s/ William W. Fick*
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO #601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

Dated: August 15, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 15, 2022.

*/s/ William W. Fick*