IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAOYANG YU | No.  19-cr-10195-WGY |

**DEFENANDANT HAOYANG YU'S MOTION TO RECONSIDER ORDER DENYING IN PART MOTION TO DISMISS DUE TO UNCONSITITUTIONAL <u>SELECTIVE ENFORCEMENT AND PROSECUTION</u>**

Defendant, Haoyang Yu, respectfully moves that the Court reconsider its Order [D.E. 284] denying in part his Motion to Dismiss Due to Unconstitutional Selective Enforcement and Prosecution (the "underlying motion") [D.E. 55].

In the Order, with respect to selective *prosecution*, the Court emphasized "the need to preserve prosecutorial discretion," D.E. 284 at 3, and concluded, "[s]ufficiently clear evidence that 'similarly situated individuals of a different race were not prosecuted,' is simply not present here." *Id*. at 4 (quoting *United States v. Armstrong*, 517 U.S. 456, 465 (1996)). However, the Court also concluded that "a claim of selective enforcement is not governed by *Armstrong* and may be established by a fair preponderance of the evidence, and "[a]ccordingly," it ordered the parties confer about "**limited** discovery." *Id*. (bold in original).

Mr. Yu agrees that selective *enforcement* claims are governed by a different and less demanding standard, and he is prepared, if necessary, to proceed with his motion that basis alone. However, he respectfully submits the Court's denial of his selective *prosecution* claim, prior to any discovery or hearing, was premature.

In his underlying motion, Mr. Yu presented what the Court characterized as "eyebrow-raising statistics" demonstrating the dramatically disproportionate rates of criminal prosecution for

1

alleged trade secret offenses against defendants of Chinese ethnicity. He also presented rare evidence of a of a "control group"—white engineers who decamped from ADI for MACOM, a direct competitor, with stolen trade secrets but who were neither investigated nor prosecuted, even after one admitted his misconduct. Other than statistical data about investigations and prosecutions in the sole control of the government (but available if discovery were granted), it is difficult to conceive of more powerful proof that Mr. Yu was subjected to disparate treatment for his alleged trade secret offenses. In response, the government argued that a host of supposed "aggravating factors" made this case more than a mine-run trade secret dispute and, thus, justified the prosecution of Mr. Yu.

Subsequently, the trial evidence and verdict exposed all the so-called "aggravating factors" as entirely illusory. Other developments and conduct of the prosecutors and investigators during and after trial provided strong additional evidence of improper bias, whether conscious or unconscious, against Mr. Yu based on his Chinese ethnicity. And the U.S. Attorney's admission in a post-trial press release that the single count of conviction against Mr. Yu was the "first-ever conviction" of its kind provided irrefutable confirmation of disparate treatment.

Accordingly, the Court should reconsider its denial in part of Mr. Yu's motion. In further support of this Motion to Reconsider, as well as the underlying Motion to Dismiss, Mr. Yu submits a Supplemental Memorandum, filed contemporaneously herewith.

Respectfully submitted,

**HAOYANG YU**

by his attorneys,

     */s/ William W. Fick*
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO #601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

Dated: November 14, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 14, 2022.

     */s/ William W. Fick*

3