IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAOYANG YU | No. 19-cr-10195-WGY |

**DEFENANDANT HAOYANG YU'S MOTION TO COMPEL DISCOVERY CONCERNING SELECTIVE ENFORCEMENT**

Defendant, Haoyang Yu, respectfully moves that the Court order the prosecution to produce requested discovery relevant to his Motion to Dismiss Due to Unconstitutional Selective Enforcement. D.E. 55-56. In support of this motion, Mr. Yu states:

1.  On June 13, 2022, this Court ordered: "[A] claim of selective enforcement . . . may be established by a fair preponderance of the evidence. Accordingly, some **limited** discovery may be appropriate. The parties shall meet and confer and suggest what **limited** discovery might be appropriate at this stage." D.E. 284 at 4 (bold in original).

2.  By letter dated June 24, 2022, Mr. Yu made specific discovery requests of the prosecution. *See* Ex. A. Generally speaking, the requests were calculated to obtain a) communications among investigators and prosecutors, and investigative documents, probative of investigative choices, activities, and recommendations to prosecutors motivated in whole or in part by Mr. Yu's citizenship, nationality, ethnicity, or suspected connections to China; b) statistical information concerning similarly situated individuals as to whom investigations were declined or abandoned; and c) the policies, practices, and criteria governing federal law enforcement investigations of offenses under 18 U.S.C. § 1832 and, relatedly, the criteria for identifying "priority trade secret theft cases" under the DOJ's "China Initiative."

1

3. By letter dated July 18, 2022 (the "July letter"), the prosecution objected to each and every one of Mr. Yu's requests, but stated that it was willing to provide: a) "All written or recorded case agent communications…" and b) "All notes, memoranda and other investigative materials…" — "…created or sent prior to the case's referral to the U.S. Attorney's Office — that concern or describe how Haoyang Yu and Tricon MMIC, LLC, were identified as the targets of a criminal investigation." Ex. B.

4. While undersigned counsel believed the scope of discovery volunteered by the prosecution in its July letter to be far too narrow, undersigned counsel thought it prudent to review the prosecution's expected production before pressing other requests or seeking relief from the Court.

5. However, as of October 2022, the prosecution still had not produced *anything*, including the materials it had agreed to provide in its July letter. Accordingly, undersigned counsel sent a follow-up letter to the prosecution on October 18, 2022 (the "October letter"). Ex. C.

6. In the October letter, undersigned counsel stated that "we remain ready and willing to discuss possible narrowing and clarification of our requests" but that "it remains unclear to us what, if anything, the government is willing to produce." *Id*.

7. With regard to the scope of materials the prosecution promised to produce in its July letter, undersigned counsel stated:

> A limitation to the "case agent" is unwarranted given the extraordinary number of investigators and agencies that became involved in this case, any of which may have contributed to investigative decisions and recommendations improperly grounded in Mr. Yu's ethnicity or national origin. A limitation to the time prior to referral to the U.S. Attorney's is also inappropriate since ongoing investigative steps and recommendations or communication by and among investigators likely influenced the nature and extent of the investigation and actions then taken by prosecutors, including the return of multiple superseding indictments that abandoned and/or

>changed legal theories of liability. Nor is a request for all communications that reference China or Mr. Yu's citizenship, nationality, or ethnicity overly broad, as you have asserted without describing or estimating of the volume of potentially responsive materials. It should be possible to agree on a small handful of search terms that would identify any responsive materials. The question of whether such references are proper and innocuous or, instead, reflect unlawful bias is the core issue in the motion that can only be evaluated by examining all of those communications in context and questioning agents about them at an evidentiary hearing.

*Id.*

8. The parties conferred by telephone on October 24, 2022. The prosecution reaffirmed its commitment to produce the materials it had promised in its July letter and clarified that it would produce "case agent" communications from each investigative agency. It would not, however, commit to a date certain for that production. The prosecution declined to revisit the temporal or substantive scope of its promised production, and it likewise declined to engage in negotiation regarding possible narrowing or clarification of Mr. Yu's other requests, to which it had objected.

9. As of this filing, the prosecution still has not produced *any* discovery concerning selective enforcement, including the materials it agreed to produce in its July letter.

10. Accordingly, Mr. Yu respectfully requests that this Court;

   a. Order the prosecution to produce the materials it agreed to produce in its July letter forthwith;

   b. Order the prosecution to produce investigative communications and documents *not* limited in time to the period prior to the initial referral to the USAO;

   c. Order the prosecution to produce all investigative communications and documents that reference China or Mr. Yu's citizenship,

nationality, or ethnicity;

d. Order the prosecution to produce materials, consistent with Mr. Yu's specific requests, reasonably calculated to supply statistical information concerning similarly situated individuals as to whom investigations were declined or abandoned;

e. Order the prosecution to produce materials, consistent with Mr. Yu's specific requests, reasonably calculated to show the policies, practices, and criteria governing federal law enforcement investigations of offenses under 18 U.S.C. § 1832 and, relatedly, the criteria for identifying "priority trade secret theft cases" under the DOJ's "China Initiative."

Respectfully submitted,

**HAOYANG YU**

by his attorneys,

    */s/ William W. Fick*
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO #601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

Dated: November 14, 2022

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 14, 2022.

                                              */s/ William W. Fick*