UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAOYANG YU,<br><br>Defendant | Case No. 19-cr-10195-WGY |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO RECONSIDER ORDER DENYING MOTION TO DISMISS DUE TO
<u>UNCONSTITUTIONAL SELECTIVE PROSECUTION</u>**

On June 13, 2022, after presiding over the defendant's month-long trial, the Court denied the defendant's motion to dismiss due to "unconstitutional selective enforcement." ECF No. 284. In support of its ruling, the Court stated that "clear evidence that similarly situated individuals of a different race were not prosecuted … is simply not present here." *Id.* (quotations and citations omitted).

Now, more than five months after the Court's ruling, the defendant asks the Court to reconsider its decision. ECF No. 314. In doing so, the defendant hardly even attempts to put forth a legitimate factual or legal basis for reconsideration. *See United States v. Allen,* 573 F.3d 42, 53 (1st Cir. 2009) (holding "motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust"); *see also Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) ("The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly"). Indeed, there has been no intervening change in the law or newly discovered evidence, and the defendant has not come close to establishing that the

Court's decision was either based on a manifest error of the law or clearly unjust. To the contrary, what was true when the Court issued its ruling remains true today: "clear evidence that similarly situated individuals of a different race were not prosecuted … is **simply not present here**." ECF No. 284 (emphasis added). Also missing is any legitimate evidence of discriminatory intent in deciding to prosecute this defendant. There is absolutely no basis, therefore, for the Court to reconsider its decision.

Rather than putting forth a valid case for reconsideration, the defendant renews his request—without leave of court and in violation of the Local Rules[1]—to dismiss for purported "unconstitutional selective enforcement." ECF No. 315. With leave of Court, the government intends to respond to the defendant's baseless "supplemental memorandum" in a separate filing. For now, however, the government notes three things.

First, the jury's verdict is a poor measure of either discriminatory effect or discriminatory purpose. It is the Court's view of the evidence—not the jury's—that is relevant to whether the defendant has made either of these "demanding" showings. *States v. Armstrong*, 517 U.S. 456, 463 (1996). As the government's supplemental filing will make clear, the evidence not only shows the defendant stole hordes of ADI's intellectual property but also that the investigators' suspicions that the defendant had violated, was violating, and would violate U.S. trade secret, export, and other laws were sufficiently well grounded. In other words, regardless of the jury's verdict, the objective evidence confirms that the defendant cannot satisfy either *Armstrong* prong.

Second, a jury trial is centered on whether the evidence proved the alleged crimes beyond a reasonable doubt. Even if the evidence ultimately falls short of this highest standard, that

---

[1] Local Rule 7.1(b)(3) states that "[a]ll papers [beyond a motion and opposition] whether in the form of a reply brief or otherwise, may be submitted only with leave of court." Local Rule 7.1(a)(2) states that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Both are made applicable to criminal cases by Local Rule 112.1.

evidence may nonetheless establish—as it does in this case—that investigators acted on legitimate information and evidence, not as a result of racial animus or bias. This is another reason why the jury's verdict is an improper lens through which to view a selective enforcement claim.

<u>Third</u>, the Court's analysis of the defendant's selective enforcement claim must not be limited to the facts and evidence introduced during the trial. Jury trials are subject to time constraints and strict rules of evidence that severely limit or, in some cases, preclude entirely the presentation of evidence. Certain facts that are not present in the trial record, therefore, are nonetheless relevant to the Court's consideration of the defendant's selective enforcement claim. The government has highlighted many of these facts in its prior selective enforcement briefing and plans to reiterate them in its substantive response to the defendant's supplemental filing. Suffice it to say, however, that the defendant's hyperbolic claims in his supplemental brief about the "absence of trial evidence," *see* ECF No. 315 at 6, miss the mark completely.

## **CONCLUSION**

The defendant has filed his motion in violation of the Local Rules and provided no basis to reconsider the Court's decision to deny his baseless selective prosecution claim. His motion should be denied accordingly.

                Respectfully submitted,

                RACHAEL S. ROLLINS
                United States Attorney

By:   */s/ Jason A. Casey*
       Jason A. Casey
       Amanda Beck
       Assistant U.S. Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                          */s/ Jason A. Casey*
                                          Jason A. Casey
                                          Assistant U.S. Attorney

Date: November 16, 2022