UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAOYANG YU,<br><br>Defendant | CRIMINAL No. 1:19-cr-10195 WGY |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM REGARDING RESTITUTION**

The government submits this brief supplemental memorandum to address the issue of restitution in advance of the sentencing hearing scheduled for June 1, 2023. The government's Sentencing Memorandum, filed May 26, 2023, requested that this Court order restitution. Dkt No. 369 at 16-19. The defendant's Sentencing Memorandum, filed on May 30, 2023, argued that the government and the victim company had waived a restitution claim. Dkt. No. 370 at 19-20. The defendant is incorrect for at least three reasons.

First, a restitution order under the Mandatory Victims Restitution Act is, as the name implies, mandatory. The statute itself states, "Notwithstanding any other provision of law, … the court shall order … that the defendant make restitution." 18 U.S.C. § 3663A(a)(1).

Second, there is no requirement that, in fulfilling this mandate, probation obtain and vet information about the victim's losses, particularly where the district court has sufficient information from other sources. The statutory scheme does not suggest that the court must rely exclusively on probation to provide restitution figures. To the contrary, the government bears the burden of demonstrating, by a preponderance of the evidence, "the amount of loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e). Section 3664(a) also makes clear that the

court may request "additional documentation or hear testimony" beyond what probation provides. 18 U.S.C. § 3664(d)(4). Moreover, the statute contemplates that information regarding the appropriate restitution figures may not be available at the time of sentencing and may be provided later. 18 U.S.C. § 3664(d)(5) ("If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses…")

Third, last week, the First Circuit rejected the argument that the defense proposes. *See United States v. Cardozo*, ___ F. 4th ___ (2023), 2023 WL 3674131 at *4. There, the court explained that a defendant experienced no prejudice when restitution information was provided not by probation but by the government, especially because the district court placed the burden of persuasion on the government and concluded that the government carried its burden. *Id.*

Briefly addressing two final points, the government notes that it informed both probation and defense counsel in writing on November 23, 2022, that "ADI may submit additional paperwork making a claim for restitution." *See* Ex. 1 (Government's Comments on Draft Presentence Report) at 2. It also strongly opposes any defense request to obtain discovery or to interrogate the victim company regarding its restitution request. There is nothing in the statute that entitles the defendant to this and for obvious good reason. The Court's proper inquiry is whether the government offers a reasonable basis for the restitution amount. The government fully intends to do so, and if the defense requires time to review the billing entries, the Court can order that restitution be awarded in an amount to be determined within 90 days. *See* Dkt. No. 369 at 18-19.

//

//

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   /s/ *Amanda Beck*
Amanda Beck
Jason A. Casey
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

_/s/ *Amanda Beck*_____
Amanda Beck
Assistant United States Attorney

Date: May 31, 2023