

U.S. Department of Justice

*Rachael S. Rollins*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*              *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 23, 2022

VIA ELECTRONIC MAIL

Martha Victoria
United States Probation Officer
1 Courthouse Way
Boston, Massachusetts 02210

      Re:  *United States v. Haoyang Yu*
           1:19-cr-10195 WGY

Officer Victoria:

Thank you for drafting this Presentence Investigation Report.  The government has reviewed the draft and has the following comments, suggestions, and objections.

**Release Status, p. 2:**
The draft states the defendant was released on June 14, 2019.  However, I believe the correct date is June 19, 2019. ECF No. 17.

**Victim Impact, ¶19:**
The government contends that the defendant inflicted upon ADI a loss in an amount between $550,000 and $1.5 million.  For details on the government's argument and calculations, please see our Memorandum Regarding Loss Attributable to the Defendant's Crime. ECF. No 321.  The government also understands that ADI may submit additional paperwork documenting expenses it incurred while assisting the government in its investigation.

**Special Offense Characteristics, ¶24:**
The government contends that the defendant inflicted upon ADI a loss in an amount between $550,000 and $1.5 million.  For details on the government's argument and calculations, please see our Memorandum Regarding Loss Attributable to the Defendant's Crime. ECF. No 321.  If these calculations are correct, the defendant's Guidelines calculation would increase by 14 levels.  U.S.S.G. § 2B1.1(b)(1)(H).

//

**Total Offense Level, ¶32:**
Based on the adjustment above, the government believes that the total offense level is 24.

**Guideline Provisions, ¶80:**
Based on the calculations above, the government does not expect that the defendant's Guidelines range will fall into Zone B. Instead, we expect that it will fall into Zone D, where the minimum term is satisfied by a sentence of imprisonment. U.S.S.G. § 5C1.1(f).

**Probation, ¶87:**
Based on the calculations above, the government does not expect that the defendant's Guidelines range will fall into Zone B. Instead, we expect that it will fall into Zone D. Therefore, a sentence of probation would not be authorized. U.S.S.G. § 5B1.1, n.2.

**Fine, ¶88:**
The draft PSR understates the available fine. In this case, the defendant derived a pecuniary gain from the offense, and the victim sustained a pecuniary loss. Therefore, in addition to the normal maximum fine provision of $250,000, the defendant also faces a maximum alternative fine of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

**Restitution, ¶92:**
The government understands that ADI may submit additional paperwork making a claim for restitution.

**Sentencing Options, p. 20:**
Based on the calculations above, the table here should be adjusted to reflect a Total Offense Level of 24. The Statutory Provisions should be updated to reflect a fine that could also be twice the gain or loss. The Guidelines Provisions should be updated to reflect a range of 51 to 56 months; a Zone D custody range; and a fine of $15,000 to $200,000.

Many thanks again for your time and for your consideration of these comments, suggestions, and objections.

Sincerely,

                                    RACHAEL S. ROLLINS
                                    United States Attorney

                                    By:  /s/ Amanda Beck
                                    AMANDA BECK
                                    JASON CASEY
                                    Assistant United States Attorneys

Cc:  Defense Counsel