IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAOYANG YU | No.  19-cr-10195-WGY |

**MOTION FOR ENTRY OF FINAL JUDGMENT WITHOUT RESTITUTION**

Defendant, Haoyang Yu, hereby responds to the government's Supplemental Sentencing Memorandum concerning restitution, D.E. 371, and respectfully requests that the Court enter final judgment forthwith, without entertaining any untimely restitution request from ADI. The government opposes this motion.

As Mr. Yu explained in his Sentencing Memorandum, D.E. 370 at 19-20, the MVRA directs that the government *"shall"* provide Probation with "a listing of the amounts subject to restitution … not later than 60 days prior to the date initially set for sentencing." 18 U.S.C. § 3664(d)(1) (emphasis added). Here, that statutory deadline was July 18, 2022 (60 days before September 15, 2022, D.E. 261), and the required submission was not made by then.

The government's letter to Probation dated November 23, 2022, appended to its Supplemental Sentencing Memorandum, stating that it "understands that ADI *may* submit additional paperwork making a claim for restitution" at some unspecified time in the future, D.E. 371-1 (emphasis added), supplies no excuse for failing to meet the deadline, which had passed more than four months prior to the letter. Nor is there any basis to assert that ADI's "losses" were "not ascertainable" at least 10 days before the eventual sentencing hearing on June 1, 2023. 18 U.S.C. § 3664(d)(5).

The recent First Circuit case that the government cited in its Supplemental Sentencing

1

Memorandum, *United States v. Cardozo*, ___ F. 4th ___, 2023 U.S. App. LEXIS 13171 (1st Cir. May 26, 2023), does not help the government's cause; rather, it provides strong support to Mr. Yu's argument. The First Circuit held: "A restitution order issued pursuant to section 2264 *must* comport with the procedural requirements of the MVRA." *Id*. at *7 (emphasis added). The reason Mr. Cardozo lost his appeal is that (unlike Mr. Yu) he failed to object in the district court, and as a result, the First Circuit only applied plain error review. *See id*. at *8. Although the Court assumed the failure of probation to do a timely restitution analysis was clear error under the MVRA, it nevertheless found the defendant's substantial rights were not affected because the government had provided the same information. *See id.* at *9-10.

Thus, contrary to the government's argument, *Cardozo* does *not* condone flouting the procedural requirements of the MVRA in this case, certainly not if there is a contemporaneous objection, as Mr. Yu has made. Moreover, the issue here is not simply *who* provides information to the Court—probation or the government. Rather, even after sentencing, this Court still does not have *any* information about a putative restitution request from *any* source, now months after applicable statutory deadlines have passed.

Accordingly, any claim for restitution to ADI would be untimely and has been waived. Further, any restitution order would be unauthorized and unlawful under the MVRA.

**CONCLUSION**

For the foregoing reasons, the Court should enter final judgment forthwith, without entertaining any untimely restitution request from ADI.

        Respectfully submitted,

        **HAOYANG YU**

        by his attorneys,

        */s/ William W. Fick*
        William W. Fick (BBO #650562)
        Daniel N. Marx (BBO #674523)
        FICK & MARX LLP
        24 Federal Street, 4th Floor
        Boston, MA 02110
        (857) 321-8360
        *wfick@fickmarx.com*
        *dmarx@fickmarx.com*

Dated: June 8, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 8, 2023.

        */s/ William W. Fick*