UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)   Crim. No. 19-10195-WGY<br>HAOYANG YU,   )<br>)<br>Defendant.   ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF FINAL JUDGEMENT WITHOUT RESTITUTION**

According to the Supreme Court, although the restitution statute at issue in this case (18 U.S.C. § 3664) uses the word "shall," a "statute's use of that word alone has not always led this Court to interpret statutes to bar judges (or other officials) from taking action to which a missed statutory deadline refers." *Dolan v. United States,* 560 U.S. 605, 611-12 (2010).

The text of § 3664 "places primary weight upon, and emphasizes the importance of, imposing restitution upon those convicted of certain federal crimes," and "that statute seeks primarily to ensure that victims of a crime receive full restitution." *Id; see also United States v. Cheal,* 389 F.3d 35, 49 (1st Cir, 2004) (stating that the "intended beneficiaries [of § 3664] are the victims, not the victimizers"). Accordingly, the Supreme Court has held that the government's failure to comply with a similar time requirement in a related provision of the Mandatory Victim Restitution Act, section 3664(d)(5), does not bar the court from ordering restitution even though that section – like the one the one at issue here – uses the word "shall." *Dolan,* 560 U.S. at 611-12 (noting that "where, as here, a statute does not specify a consequence for noncompliance with its timing provisions, federal courts will not in the ordinary course impose their own coercive sanction." (internal quotations omitted)).

Consistent with the Supreme Court's decision in *Dolan,* courts have similarly held that the

failure to comply with section 3664(d)(1)'s time constraint does not prevent a court from ordering restitution notwithstanding that section's use of the word "shall." In *United States v. Graham,* for example, the court expressly held that the "Supreme Court clarified in *Dolan* that the time limitation in § 3664(d)(1) is not jurisdictional." *United States v. Graham,* 2019 WL 6999109 (D. Maine 2019) ("The Court sees no difference between subsection (1) and (5) that would justify a different rule for the time limit in subsection (1), particularly in light of the statutory purpose raised by *Dolan").* Other courts have likewise observed that "because the procedural requirements of section 3664 were designated to protect victims, not defendants, the failure to comply with them is harmless error absent actual prejudice to the defendant" *United States v. Kadhem,* 580 F. Supp. 3d 132, 136 (W.D. Penn. 2022) (citing cases); *see also United States v. Cardozo* _ F. 4th_, 2023 U.S. App. LEXIS 13171 (1st Cir. 2023) (finding "no reason to think that either the information or the outcome would have been changed had the probation office followed the literal requirements of the statute").

The defendant here has suffered no actual prejudice because of the government's restitution disclosures. And he does not claim otherwise in his motion. The Court, therefore, should deny the defendant's motion and hold the restitution hearing as scheduled.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

BY: */s/ Jason A. Casey*
Jason A. Casey
Assistant United States Attorney
U.S. Attorney's Office
One Courthouse Way, Suite 9200