UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>           v.                    )<br>)<br>HAOYANG YU,                      )<br>              Defendant.         )<br>) | Criminal No. 1:19-cr-10195 WGY |

## UNITED STATES' BRIEF REGARDING RESTITUTION

The United States of America respectfully submits this brief requesting restitution for Analog Devices, Inc. ("ADI"), the rightful owner of a trade secret that defendant Haoyang Yu stole and deployed for his own profit. Yu was subsequently convicted of one count of possession of a stolen trade secret, a violation of 18 U.S.C. § 1832(a)(3). As a direct result of this crime, ADI lost profits and spent money assisting the U.S. Attorney's Office in its investigation and prosecution. ADI is entitled to restitution for these lost sums, which total at least $609,915. The government also requests that, as part of its restitution, the court order Yu to return all ADI information in whatever form – including, but not limited to, documents and computer files – that he improperly took from the company and that is in his possession, custody, or control. 18 U.S.C. § 3663A(b)(1)(A).

The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, requires the court to order restitution to ADI, a Title 18 property offense victim who has suffered a pecuniary loss. 18 U.S.C. §§ 3663A(c)(1)(A)(ii), (B). In *In re: Akebia Therapeutics, Inc*, 981 F.3d 32 (1st Cir. 2020), the First Circuit addressed the determination of restitution to a corporate victim. It explained that the purpose of restitution is to "make the victim whole by reimbursing the actual loss the victim suffered because of a defendant's criminal activity." *In re: Akebia Therapeutics, Inc.*, 981 F.3d at 36 (citing *United States v. Salas-Fernández*, 620 F.3d 45, 48-49 (1st Cir. 2010)). The First Circuit clarified that, in calculating a monetary award, the district court need not be exact. *Id.* Ultimately, the court must

make "'a reasonable determination of appropriate restitution by resolving uncertainties with a view towards achieving fairness to the victim,' including 'whether the restitution award has 'a rational basis in the record.'" *Id.* (quoting *United States v. González-Calderón*, 920 F.3d 83, 85 (1st Cir. 2019)). It is the government's burden to establish the amount of the victim's losses by a preponderance of the evidence. 18 U.S.C. § 3664(e). "That burden is not a heavy one: [a]s long as the court's order reasonably responds to some reliable evidence, no more is exigible." *United States v. Cardozo*, 68 F.4th 725, 733 (1st Cir. 2023) (internal quotation marks omitted).

Nearly all of ADI's restitution request can be traced to the legal expenses it accrued in connection with the government's criminal investigation. Those expenses total $609,915, and there is a rational basis for this figure in the record. Declaration of William Weinreb ("Weinreb Decl.") ¶ 3; Ex. 1. Specifically, ADI has submitted invoices documenting the bills it paid first to WilmerHale, which represented the company in its response to a Grand Jury subpoena issued early in the investigation, and second to Quinn Emanuel, which has represented the company in other respects since about December 2018. Ex. 1.

These legal expenditures are properly part of the mandatory restitution in this case because they were related to ADI's "participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4) ("The order of restitution shall require that such defendant …reimburse the victim" for these expenses). The court can be certain of this because WilmerHale used the distinct matter number "00499" for case-related fees, which were also specifically categorized as "2018 DOJ Subpoena – Yu." *See* Ex. 1, p. 1-77. Similarly, Quinn Emanuel used the distinct matter number "02693-00002" for fees related to ADI's assistance in the trade secret prosecution. *See* Ex. 1, p. 78-222. Additional inspection reveals that the invoices also include descriptions of the various tasks that attorneys performed during the course of this representation and how much time each task required. Such charges were reasonably

foreseeable and necessary expenses incurred as part of the USAO investigation. *See United States v. Chan*, 981 F.3d 39, 65 (1st Cir. 2020) ("Our court has said that 'expenses qualifying for restitution are not unlimited, ... [but] will pass muster if they would not have been incurred in the absence of the offense, were not too attenuated in fact or time from the crime, ... and were reasonably foreseeable.'").

The government further notes that these legal expenses understate the losses that ADI incurred as a result of Yu's crime. Weinreb Decl. ¶ 7. First, they do not account for sales and profits that ADI lost when the defendant illegally sold 109 chips built with ADI's trade secret. *Id.* The government relies on its previous briefing to demonstrate that these profits rightfully belong to ADI, the only legitimate seller of a chip with the performance enabled by the stolen trade secret. *See* Dkt. Nos. 321 at 4-6; 348 at 11-17. Trial and hearing evidence cited in those briefs demonstrates that the defendant knew ADI's product was unique, executed most of his transactions prior to the ADI product's public availability, and marketed his products as direct substitutes. *Id.* Therefore, this revenue represents an actual ADI loss that was foreseeable to the defendant and for which there is a rational basis in the record. The company could be properly reimbursed for it. *United States v. Salas-Fernández*, 620 F.3d 45, 48 (1st Cir. 2010). Second, ADI's legal expenses do not account for the significant time and resources that ADI personnel expended in assisting the government's investigation. Weinreb Decl. ¶ 7. While ADI declines at this time to include these additional expenses in its restitution request, its choice not to do so helps demonstrate the reasonableness of the request that it does submit.

For these reasons, in accordance with the MVRA, the United States requests that the Court order restitution to ADI in the amount of $609,915 and enter an amended judgment reflecting that

//

//

4

restitution amount. The government also requests that this amended judgment require Yu to return to ADI all information that he improperly took from ADI and that is in his possession, custody, or control. 18 U.S.C. § 3663A(b)(1)(A).

    Respectfully submitted,

    JOSHUA S. LEVY
    Acting United States Attorney

By:   /s/ *Amanda Beck*
    AMANDA BECK
    JASON A. CASEY
    Assistant United States Attorneys

Dated: August 18, 2023