**quinn emanuel** trial lawyers | boston

111 Huntington Avenue, Suite 520, Boston, Massachusetts 02199 | TEL (617) 712-7100 FAX (617) 712-7200

WRITER'S DIRECT
617-712-7114

WRITER'S EMAIL ADDRESS
billweinreb@quinnemanuel.com

October 11, 2023

<u>VIA ECF</u>

The Honorable William G. Young
United States District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   *United States v. Yu*, No. 19-cr-10195-WGY

Dear Judge Young:

We represent Analog Devices, Inc. ("ADI") in connection with the above-captioned case. Pursuant to 18 U.S.C. § 3771(d)(1), we write on behalf of ADI in response to arguments made by Defendant Haoyang Yu as to why ADI, the victim of Mr. Yu's crime, is not entitled to restitution.

On August 18, 2023, the government submitted its request for restitution in this matter. *See* United States' Brief Regarding Restitution ("Gov. Br.") (Dkt. 406) (Aug. 18, 2023). The government requested that Mr. Yu be ordered to reimburse ADI for, among other things, ADI's legal expenses resulting from its participation in the investigation and prosecution of the offense and its attendance at proceedings related to the offense, as authorized by the Mandatory Victim Restitution Act (MVRA). *See* Gov. Br. at 2; 18 U.S.C. § 3663A(b)(4). Mr. Yu argues that he should not have to pay those legal expenses because they were not necessary or billed at reasonable rates, but those arguments lack merit, as demonstrated below and in the Government's Brief.[1]

*First*, ADI's counsel needed to attend the court proceedings in this matter because it is a trade secrets case. Mr. Yu was charged in the third superseding indictment with multiple violations of 18 U.S.C. §§ 1832(a)(3) and (a)(4) – offenses that are codified in chapter ninety of title eighteen of the United States Code. The law confers on trade secret owners such as ADI certain rights in

---

[1] This letter is not intended as a rebuttal to each and every argument raised in Defendant's Responses and Objections to the Government's Brief ("Def. Br.") (Dkt. 412) (Sept. 25, 2023). Many of Defendant's claims – such as his hyperbolic assertion that ADI's counsel "essentially became an *ex officio* member of the prosecution team" (*id.* at 3) – merit no response. This letter is necessary, however, to correct certain misstatements of fact and law made in Defendant's Brief.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

connection with the prosecution of Chapter 90 offenses, including the right to object to the disclosure of any trade secret. *See* 18 U.S.C. § 1835(b) ("The court may not authorize or direct the disclosure of any information the owner asserts to be a trade secret unless the court allows the owner the opportunity to file a submission under seal that describes the interest of the owner in keeping the information confidential."). In order meaningfully to exercise this right during the trial and other court proceedings, ADI needed to have counsel present during the presentation of evidence and argument. And that counsel needed to have training and expertise in Chapter 90 offenses.[2]

In *In re Akebia Therapeutics, Inc.*, the First Circuit held that determining the foreseeability and necessity of a particular category of legal expense "is a fact-specific undertaking and will vary case-by-case." 981 F.3d 32, 39 (1st Cir. 2020). The defendant in that case was charged with securities fraud, and the district court held that the victim's counsel did not need to attend the trial because counsel's only role was to "watch and report" on the proceedings. *United States v. Chan*, No. 16-CR-10268-IT, 2019 WL 3975579, at *7-8 (D. Mass. Aug. 22, 2019). The First Circuit held that, under the circumstances of that case, the district court's finding was not an abuse of discretion. *See* 981 F.3d at 38. Here, in contrast, counsel's role was to monitor court proceedings in which the potential disclosure of ADI trade secrets was a near-constant possibility in order to intervene in real-time, if needed, to protect ADI's property rights. Under the circumstances of this case, having qualified counsel present to protect ADI's trade secrets rights was plainly both necessary and foreseeable – particularly in light of 18 U.S.C. § 1835(b).

**Second**, courts across the country have repeatedly and consistently held that the rates charged by Quinn Emanuel attorneys such as Mr. Weinreb are reasonable.[3] Defendant offers no

---

[2] William Weinreb, who represented ADI at virtually every court proceeding, oversaw all Chapter 90 prosecutions at the United States Attorney's Office for the District of Massachusetts from 2008-2016, when he served as Deputy Chief of the National Security Unit. He was also the lead prosecutor in *United States v. Elliot Doxer*, Crim No. 11-10268-DJC (D. Mass.), in which the defendant was charged with a Chapter 90 offense.

[3] *See, e.g.*, *Rudi v. Wexner*, No. 2:20-cv-3068, 2022 WL 1682297, at *5 (S.D. Ohio May 16, 2022) (finding that Quinn Emanuel's fees were reasonable); *Blattman v. Siebel*, No. 15-cv-530, Dkt. 434 (D. Del. Dec. 6, 2021) (same); *Proofpoint, Inc. v. Vade Secure, Inc.*, No. 19-cv-04238, Dkt. 376 (N.D. Cal. Dec. 17, 2020) (same); *Liqwd, Inc. v. L'Oréal USA, Inc.*, 17-cv-14, Dkt. 1162 (D. Del. Dec. 16, 2019) (same); *H&N Mgmt. Grp. v. Couch*, No. 12847-VCMR, 2019 WL 6620822, at *6 (Del. Ch. Dec. 4, 2019) (same); *Transweb, LLC v. 3M Innovative Props. Co.*, No. 10-cv-04413, Dkt. 567 (D.N.J. Sept. 24, 2013) (same); *Lockton v. O'Rourke*, No. BC361629 (Cal. Super. Ct. Feb. 23, 2011) (attaching Feb. 14, 2011 court order finding Quinn Emanuel's rates and total hours reasonable); *Monrovia Nursery Co. v. Rosedale*, No. BC351140 (Cal. Super. Ct. Jan. 12, 2009) (finding Quinn Emanuel's rates and total fees reasonable); *Riverside Cnty. Dept. of Mental Health v. A.S.*, No. 08-cv-00503, Dkt. 123 (C.D. Cal. Feb. 22, 2010) (awarding full amount of attorneys' fees sought for work performed by Quinn Emanuel); *In re Am. Home Mortg. Hldgs., Inc.*, No. 07-11047, Dkt. 3695 (Bankr. D. Del. Apr. 14, 2008) (finding attorneys' fees requested by Quinn Emanuel were reasonable); *Packaging Advantage Prop. Assocs., LLC v. Packaging Advantage Corp.*, No. VC045957 (Cal. Super. Ct. Nov. 6, 2007) (granting full amount of Quinn Emanuel's

factual basis to conclude otherwise, and there is none in the record.  Mr. Weinreb is one of a small number of attorneys in private practice with extensive experience in criminal theft of trade secrets cases.  The only basis for Mr. Yu's argument is his incorrect suggestion that the *Chan* court "*sua sponte*" reduced the amount of legal fees for which restitution was required based on counsel's hourly rates.   *See* Def. Br. at 7.  The *Chan* court did not do so.[4]

Accordingly, for these reasons as well as those outlined in the Government's Brief, ADI respectfully requests that the Court grant the Government's request for restitution.

Very truly yours,

William D. Weinreb
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Counsel for Analog Devices, Inc.

---

fee request); *Bistro Executive, Inc. v. Rewards Network, Inc.*, No. 04-cv-4640, Dkt. 357 (C.D. Cal. Nov. 19, 2007) (finding Quinn Emanuel's attorney rates and hours were reasonable).

[4] In *Chan*, Judge Talwani applied the fee reduction referenced in Defendant's Brief because the corporate victim had not explained why hourly rates changed among attorneys or how rates were set for non-attorneys with the same job title.  *See Chan*, 2019 WL 3975579, at *9.  That reduction had nothing to do with whether the court found the rates to be reasonable.