UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>HAOYANG YU,<br><br>    Defendant | CRIMINAL No. 1:19-CR-10195 |

**ASSENTED-TO MOTION TO MODIFY SUPERVISED RELEASE TERMS**

With the assent of the defense, the government hereby moves to modify the defendant's terms of supervised release. The government moves to impose the following new condition, whose language the defense has approved:

> The defendant shall avoid all contact, directly or indirectly, with any person who was or may be a witness for the prosecution. The defendant shall also avoid all knowing or intentional contact with any such witness's family member. This condition shall not be construed to prohibit such contact by the defendant's attorneys or their agents, *e.g.*, investigators and process servers.

This modification is reasonably related to the history and characteristics of the defendant, to the deterrence of criminal conduct, and to protecting the public from the defendant's further crimes. The proposed modification also would involve no greater deprivation of liberty than is reasonably necessary to accomplish the goals of 18 U.S.C. § 3553(a).

**FACTS**

On May 26, 2022, a federal jury convicted defendant Haoyang Yu of possessing a stolen trade secret, a violation of 18 U.S.C. § 1832(a)(3). Dkt. No. 262. On June 1, 2023, this court sentenced the defendant to six months in custody and 36 months of supervised release with various conditions. Dkt. No. 374. The government did not seek the defendant's remand at sentencing. Tr. 06/01/23 at 37-38. Instead, the defendant's conditions of pretrial release were expected to

remain in effect until July 13, 2023, the date this court set for surrender.  *Id.*  The conditions of pretrial release did not require the defendant to "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution."  Dkt. No. 21 at 2.  The court's sentencing order did not impose a similar no-contact condition for the defendant's future supervised release.  Dkt. No. 396 at 4-5.

On June 10, 2023, the defendant was in a public place when he saw one of the witnesses who had testified in the criminal trial.  The witness was with his or her child.  The defendant approached the witness and, according to video footage and witness statements, threatened the witness both verbally and physically.  The government promptly moved to revoke the defendant's pretrial release.  Dkt. No. 376.  The government also moved that any future conditions of release require the defendant to have no contact with witnesses or their families.  Dkt. No. 376 at 4-5.  On June 22, 2023, the court held a hearing on the government's motion and ordered the defendant immediately detained.  Dkt. No. 390.  The court did not address the defendant's future terms of supervised release.  The defendant filed a notice of appeal of his judgment on July 13, 2023.  Dkt. No. 399.  The government expects that the defendant will be released from custody on or about December 15, 2023.

## RELEVANT LAW

Congress has authorized this court to impose "any … condition it considers to be appropriate" for the defendant's term of supervised release.  18 U.S.C. § 3583(d).  It has further authorized this court, after considering various factors set forth in 18 U.S.C. § 3553(a), to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release."  18 U.S.C. § 3583(e)(2).  This means that this court is empowered to modify the defendant's terms of supervised release if, among other things, doing

so would take into account the history and characteristics of the defendant, afford adequate deterrence to criminal conduct, or protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C).

In deciding whether to modify conditions of supervised release, the court must also consider U.S.S.G. § 5D1.3(b). This Guideline, like 18 U.S.C. § 3583(d), provides that the court may impose conditions that are "reasonably related" to the factors enumerated above, including the history and characteristics of the defendant and the needs to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. U.S.S.G. § 5D1.3(b). Both the Guideline and the statute require that any condition of supervised release involve no greater deprivation of liberty than is reasonably necessary to accomplish various goals set out in 18 U.S.C. § 3553(a). *See United States v. DaSilva*, 844 F.3d 8, 11 (1st Cir. 2016); *United States v. Pabon*, 819 F.3d 26, 30 (1st Cir. 2016). However, "[t]he fact that a condition of supervised release is not directly related to the crime of conviction does not render that condition per se invalid." *Pabon*, 819 F.3d at 30 (*citing United States v. Sebastian*, 612 F. 3d 47, 50 (1st Cir. 2010)).

Information not available to the court at the time of sentencing may justify modifying conditions of supervised release. *See, e.g., United States v. Begay*, 631 F.3d 1168, 1175 (10th Cir. 2011). Events that occurred after sentencing may also justify a modification of the conditions of supervised release. *See, e.g., United States v. McDonough*, 233 F. Supp. 3d 231 (D. Mass. 2017); *United States v. Smith,* 445 F.3d 713, 715, 719 (3rd Cir. 2006); *see also United States v. Dimasi*, 220 F.Supp.3d at 197–202, 2016 WL 6818346, at *23–26.

Before revising supervised release conditions, the court must follow the procedures established by Rule of Criminal Procedure 32.1(c). *See* 18 U.S.C. § 3583(e)(2). It states, in part,

3

that "[b]efore modifying the conditions of probation or supervised release, the court must hold a hearing, at which the [defendant] has the right to counsel and an opportunity to make a statement and present any information in mitigation." In addition, the court must provide a "reasoned and case-specific explanation for the conditions it imposes." *DaSilva*, 844 F.3d at 11.

## ARGUMENT

Because the defendant's term of supervised release has not yet concluded, this court has the power to modify its terms. 18 U.S.C. § 3583(e)(2). Further, events that have occurred since the defendant's sentencing warrant such a modification. *United States v. McDonough*, 233 F. Supp. 3d 231 (D. Mass. 2017). Those events, specifically, are that the defendant has threatened one of the witnesses who offered evidence at the defendant's criminal trial and who is expected to offer evidence in the defendant's civil suit. Now, the parties agree that the court should modify the defendant's supervised release terms by requiring the defendant to avoid all direct and indirect contact with any person who has served or may serve as a prosecution witness in the criminal case. The parties also agree that the defendant should have no intentional or knowing contact with the families of these witnesses or potential witnesses.

These are appropriate measures that consider the history and characteristics of the defendant, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C). Given the defendant's previous conduct and the fact that the defendant lives near at least one witness, this measure acknowledges the defendant's history and characteristics. 18 U.S.C. § 3553(a)(1). It also is necessary to afford adequate deterrence and to protect the public from further crimes. 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C). Specifically, it ensures that the defendant will not attempt to seek retribution for the witnesses' participation in the criminal proceeding or to influence any future

4

testimony. This is especially important because the criminal proceeding could require a retrial. Dkt. No. 399. The government notes that this condition has the additional benefit of protecting the defendant's civil litigation, which is still in a pretrial posture and which is likely to involve many of the same witnesses.[1] *See Analog Devices, Inc. v. Yu*, Dkt. No. 2284CV01985-BLS1 (Suffolk Superior Court). Because neither case is fully resolved, it is paramount that both be able to finish in a manner that gives all confidence in their outcomes.

     Finally, the new condition of release, as described, no more restricts the defendant's liberty than is necessary to deter criminal conduct, protect the public, and provide the defendant with needed training. 18 U.S.C. §§ 3583(d), 3553(a)(2)(B), (a)(2)(C), (a)(2)(D). The proposed language for this condition largely tracks the language of the analogous condition routinely imposed for pretrial release. Dkt. No. 21 at 2. It is expanded to include the family members of these witnesses because the defendant knows some of these family members and, as evidenced by the previous incident, occasionally encounters them in the community. This restriction will help clarify appropriate boundaries for all involved without otherwise impacting the defendant's liberty.

//

//

//

//

---

[1] The subject matter of the criminal and civil cases is roughly co-terminus, and any witness called in the civil case is, at a minimum, likely to have already been called in the criminal case or likely to be called if a retrial is necessary.

## CONCLUSION

With the assent of the defense, the government hereby moves to modify the defendant's terms of supervised release as described above. Prohibiting the defendant from contacting witnesses is prudent given the defendant's history and the need to protect the community. Such a measure makes no more a restriction on the defendant's liberty than is necessary.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ *Amanda Beck*
AMANDA BECK
JASON A. CASEY
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ *Amanda Beck*
Amanda Beck
Assistant United States Attorney

Date: October 27, 2023