IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAOYANG YU | No. 19-cr-10195-WGY |

**DEFENDANT HAOYANG YU'S RESPONSE TO
GOVERNMENT'S RESTITUTION SUBMISSION PURSUANT TO COURT ORDER**

Defendant, Haoyang Yu, respectfully submits this Response to the government's submission of an Excel spreadsheet file and explanatory email pursuant to the Court's Order dated October 31, 2023. In that Order, the Court directed the government to

> resubmit its request for restitution with a searchable, easy-to-parse spreadsheet of each cost incurred, defining the basis for each charge. It would be preferable if the government's request categorized each cost incurred according to the types of fees outlined in *United States v. Chan*, No. 16-CR-10268-IT, 2019 WL 3975579, at *1 (D. Mass. Aug. 22, 2019) (Talwani, J.), *aff'd*, 981 F.3d 39 (1st Cir. 2020).

D.E. 422. On November 27, the government submitted an Excel spreadsheet file to the Clerk, along with an explanatory email.[1] While the government's spreadsheet may facilitate further analysis by the Court and Mr. Yu, it does not satisfy the government's underlying burden to justify the restitution sought. That burden remains unmet here for several reasons:

**First**, the government still does not even attempt to justify the law firms' hourly billing

---

[1] On December 12, 2023, the government included the substance of its November 27 e-mail in an ECF filing, D.E. 424, and proposed to file a PDF version of the Excel spreadsheet under seal. Mr. Yu renews his objection to the government's requests to file the previously-submitted redacted law firm invoices and newly-filed spreadsheet based on those redacted invoices under seal. It is customary to publicly file attorney time records in a variety of contexts where fees are recoverable. Moreover, this information is presumptively public under *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013) (explaining that "materials on which a court relies in determining the litigants' substantive rights" are "presumptively public") (internal citation omitted).

1

rates as "reasonable" nor the staffing by multiple partners, counsel, and associates as "necessary." *See* D.E. 412 at 6-7 (citing *Chan*, 2019 U.S. Dis. LEXIS 142555, at *23); D.E. 417 (responding ADI's letter concerning the government's restitution submission, including rates).

**Second**, the government's submission still does not account for the fact that Mr. Yu was acquitted on 11 of 12 counts relating to ADI's alleged trade secrets. Put another way, the government has not met its burden to establish a causal relationship between the single count of conviction and any "necessary" legal costs incurred. *See* D.E. 412 at 11 (citing 18 U.S.C. § 3663A(b)) and D.E. 423 at 1 (citing *United States v. Steward Health Care Systems LLC*, No. 18-cv-12125-RGS, 2023 U.S. Dist. LEXIS 182665 (D. Mass. Oct. 11, 2023)).

**Third**, the government's spreadsheet does not take seriously the Court's admonition "to categorize[ ] each cost incurred according to the types of fees outlined in *Chan*." The government's insistence that all but $321.49 of its $606,879 request[2] falls into a *Chan*-approved category is plainly incorrect. *See* D.E. 412 at 6-11. For example, the spreadsheet includes $84,000 for "[a]ttendance at proceedings to protect confidentiality of ADI trade secrets," principally the trial itself. But trial attendance is a category that *Chan* expressly excluded as a form of unacceptable "trial penalty," *see* D.E. 412 at 8-9. Moreover, ADI's post-hoc attempt to justify trial attendance as "necessary" is unpersuasive in its own right. *See* D.E. 417 at 1-3. The spreadsheet also includes $92,407.95 for "other expenses incurred during participation in the investigation or prosecution of the offense," even though many of those line items are clearly excluded by *Chan,* such as conversations with Law360 reporters and other media, *see* D.E. 412 at 10, as well as expenses that would impermissibly burden Mr. Yu's 6th Amendment rights, such as costs incurred responding

---

[2] The government originally requested $609,915 [D.E. 406] but then reduced the request to $606,879 [D.E. 418].

to his trial subpoena, *see id*. The spreadsheet also includes $116,947.35 categorized as "fees relating to restitution" even though the actual restitution request consisted of nothing more than compiled legal invoices submitted by the government, and legal research is not compensable under *Chan*. *See* D.E. 412 at 9. The other spreadsheet categories also include many charges that Mr. Yu has identified as improper under *Chan*, including charges relating to post-indictment witness preparation and interview, *see* D.E. 412 at 8, legal research and analysis of court filings, *see id*. at 9, as well as redactions and block billing that make it impossible to assess the merits of the government's categorical claims, *see id.* at 11.

Even with the assistance of an Excel spreadsheet, it is not the responsibility of the Court or Mr. Yu to flyspeck the government's voluminous submissions to confirm its categorization of each entry, particularly where a plethora of entries are plainly mis-categorized and improperly included in the request for restitution. The government has failed to meet its burden, and accordingly, the restitution request should be denied.

Respectfully submitted,

**HAOYANG YU**

by his attorneys,

    */s/ William W. Fick*
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*

Dated: December 12, 2023

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 12, 2023.

                                            */s/ William W. Fick*

4