```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA,     )
                              )
          v.                  )   CRIMINAL ACTION
                              )   NO. 19-10195-WGY
HAOYANG YU,                   )
                              )
               Defendant,     )
_____)
```

YOUNG, D.J.                                          March 5, 2024

**ORDER**

### I.   INTRODUCTION

The United States ("the government") here seeks restitution on behalf of Analog Digital Services, Inc. ("ADI"), the victim in the above-captioned case.  The restitution request is based on the attorneys' fees ADI incurred as part of its cooperation and participation in the government's case.  See U.S. Br. Re. Restitution, ECF No. 406.  ADI's total requested amount is $606,557.17.  See Mem. Re. United States' Resp. Order, Ex. 1, ECF No. 424-1 ("Fees Spreadsheet").

Restitution is meant to "mak[e] a victim whole by restoring the monetary equivalent of losses suffered in consequence of the defendant's criminal activity."  United States v. Cardozo, 68 F.4th 725, 732 (1st Cir. 2023) (quoting United States v. Salas-Fernández, 620 F.3d 45, 48 (1st Cir. 2010)).  Under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, "the district court must award restitution to a victim of an

offense against property . . . for 'necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense,' § 3663A(b)(4)." United States v. Chan, 981 F.3d 39, 65 (1st Cir. 2020).

To qualify for restitution, however, expenses must have been "necessary." Lagos v. United States, 584 U.S. 577, 582 (2018). They must also "not [be] too attenuated in fact or time from the crime" and, perhaps most importantly, "reasonably foreseeable." Chan, 981 F.3d at 65 (quoting United States v. Janosko, 642 F.3d 40, 42 (1st Cir. 2011)). Which expenses are "reasonably foreseeable" must be "decided on a case by case basis, in a fact-specific probe." In re: Akebia Therapeutics, Inc., 981 F.3d 32, 36 (1st Cir. 2020) (citations omitted). The district court, however, need not be absolutely precise in calculating a restitution dollar amount. Salas-Fernández, 620 F.3d at 48 (citing United States v. Innarelli, 524 F.3d 286, 294 (1st Cir. 2008)). The court may also limit attorneys' fees when a defendant is found guilty for only one of many charges. See United States v. Steward Healthcare Sys. LLC, No. CV 18-12125-RGS, 2023 WL 6626547, at *2 (D. Mass. Oct. 11, 2023) (Stearns, J.).

Here, the Court awards restitution for attorneys' fees incurred by ADI only as follows: first, the Court awards

[2]

restitution for fees that were "necessary" and "reasonably foreseeable," see Lagos, 584 U.S. at 580; Chan, 981 F.3d at 65 (citations omitted); second, the Court awards restitution for attorneys' fees for work done by ADI's attorneys concerning the conduct for which Defendant Haoyang Yu ("Yu") was found guilty.

## II.  ANALYSIS

### A.  Calculating Those Fees "Necessary" and "Foreseeable" in Property Offense Crimes

As a fact-specific probe, courts vary in restitution awarded victims for their attorneys' fees.  For restitution awarded under the MVRA, Chan provides clear guidance.  In Chan, the government sought $312,899.22 in restitution on behalf of the victim, Akebia Therapeutics, Inc ("Akebia").  981 F.3d at 64.  The district court ultimately ordered the defendants to pay $170,476.36 in restitution to Akebia.  See United States v. Chan, No. 16-CR-10268-IT, 2019 WL 3975579, at *1 (D. Mass. Aug. 22, 2019) (Talwani, J.), aff'd, 981 F.3d 39 (1st Cir. 2020).  The district court explained that "attorneys' fees are neither categorically excluded nor included as an expense.  Instead, those fees shall be awarded when, and only when, they are necessary expenses."  Id. at *5.

The Chan court separated the government's requests for attorneys' fees into six categories: "Fees for Other Legal Work"; "Expenses Incurred Prior to Participation in the Investigation or Prosecution of the Offense"; "Expenses Incurred

for Work Performed by the Law Firm Related to Compiling and Producing Documents to the Government"; "Expenses Categorized as 'Witness Preparation'"; "Expenses Incurred to Attend Proceedings"; and finally, "Fees Incurred in Seeking Restitution". Id. at *5-8.

The Court determined that the first category, "Fees for Other Legal Work", which included, for example, "fees incurred in connection with a Freedom of Information Act request, fees to conduct a background check for a potential employee, fees for analyses of insurance coverage, public relations costs, advice regarding state privacy laws, office supplies, and bills for taxis for attorneys working late on matters," did not qualify as necessary expenses and were therefore not covered under the MVRA. Id. at *5. The Court also ruled that Akebia was not entitled to restitution for costs incurred in the second category, "Expenses Incurred Prior to Participation in the Investigation or Prosecution of the Offense", explaining that activities by counsel that predate contact with the Department of Justice are not covered by the MVRA. Id. at *6. The Court similarly ruled the fifth category ("Expenses Incurred to Attend Proceedings") wanting, explaining that "it is neither foreseeable nor reasonable to charge Defendants attorneys' fees for attending and reporting on criminal proceedings, and moreover, that these fees do not constitute necessary expenses."

[4]

Id. at *8.  The Court went on to explain that "such a statutory construction would create a bizarre incentive where defendants could not afford to go to trial and would need to minimize moments they appear in court or the documents they file on the public docket, knowing that they could be charged at sentencing with legal fees for every moment of court time."[1]  Id.

In all other categories, the Court allowed certain expenses.  Id. at *6-8.  The Court concluded "Expenses Incurred for Work Performed by the Law Firm Related to Compiling and Producing Documents to the Government" was "a necessary expense."  Id. at *7.  For "Expenses Categorized as 'Witness Preparation'", the Court allowed restitution for "costs incurred in connection with Akebia employees' preparation for interviews by the government prosecutors."  Id.  The Court did not, however, allow restitution for Akebia witness preparation for trial, explaining that "[t]rial witness preparation . . . is the

---

[1] Unlike Chan, ADI argues here that its attorneys needed to attend the criminal trial to protect its confidential trade secrets from release in open court under 18 U.S.C. § 1835(b). See Letter of William Weinreb (Oct. 11, 2023), ECF No. 416. ADI's argument, however, is unpersuasive.  ADI's attorneys worked in concert with the Department of Justice in preparing all evidence that would be presented, allowing them ample time to object to the prosecution's presentation of any trade secrets.  Moreover, the parties identified all trial exhibits in advance.  The Court's special protective order on July 10, 2019, further protected ADI from any such disclosure.  See Electronic Clerk's Notes, ECF No. 35.  The Court therefore rejects this argument.

responsibility of the government prosecutor, not private counsel." Id. Finally, for "Fees Incurred in Seeking Restitution", the Court found "much of the request for attorney time unreasonable," as "the government has the burden of seeking and establishing a claim for restitution." Id. at *8. The Chan Court, therefore, allowed 20% of the hours billed for restitution purposes.[2] Id.

Here, the government seeks restitution on behalf of ADI for all its legal expenses incurred both in the pretrial, Grand Jury phase of Yu's criminal case (the WilmerHale costs), and for pretrial, trial, and post-trial representation (the Quinn Emanuel costs).[3] Per the Court's request, the government submitted an accounting of invoices for these expenses, although some are redacted.[4] See U.S. Br. Re. Restitution, Ex. 1, ECF No.

---

[2] Throughout the opinion, the Chan Court denied restitution for attorneys' fees whenever Akebia's attorneys used block billing or redacted certain aspects of invoices, which the Court explained left it "unable to determine which fees were necessary and which were not." Chan, 2019 WL 3975579, at *7 n.8.

[3] Some of the invoices refer to costs unnecessary under the MVRA. For instance, some invoices refer to a Quinn Emanuel attorney's communications with Law360, a legal blog, and communications with the Department of Justice regarding a press release. See U.S. Br. Re. Restitution 165-66, Ex. 1, ECF No. 406-2.

[4] The government organized these expenses into five categories: "Fees Incurred in Seeking Restitution," "Expenses Incurred for Work Performed Related to Compiling and Producing Documents or Information to the Government," "Expenses Incurred for Work Performed Related to Witness Preparation," "Attendance at Proceedings to Protect Confidentiality of ADI Trade Secrets," and finally, "Other Expenses Incurred During Participation in

406-2.  In total, ADI seeks $606,557.17 in restitution.  See Fees Spreadsheet.  After thorough review of those fees requested, the Court has determined that $298,687.10 of the fees requested were necessary and foreseeable.

First, the Court rejects any fees incurred for the attendance of ADI's counsel at trial, aside from those fees related to reimbursements for travel and parking, which are allowed under the MVRA, for a total of $625.24.  18 U.S.C. § 3663A(3)(b)(4).  Under the category of expenses related to compiling and producing documents, the Court allows those expenses that are not redacted to the point of incoherence and that clearly relate to the production of documents, for a total of $162,427.69.  Similarly, the Court reviewed each expense listed in the category of expenses related to witness preparation.  As the government is responsible for preparing witnesses for trial, not ADI's personal lawyers, the Court allows restitution with regard to the preparation of witnesses for their interviews with the government, but not for trial.  The Court also rejects certain expenses that are too redacted to clearly demonstrate relatedness to the case.  In total, the Court allows $69,188.25 in restitution from this category.

---

the Investigation or Prosecution of the Offense."  See Fees Spreadsheet.

For expenses related to seeking restitution, the Court allows $89,443.35 of the expenses listed, removing those that are too redacted.  As in Chan, this Court recognizes that seeking restitution is the job of the Government, not the victim or the victim's attorneys, and therefore, the Court reduces this number by 80%, for a total of $17,888.67.  See Chan, 2019 WL 3975579, at *8.

Finally, for items the government has categorized as "Other", the Court allows the following types of expenses: correspondence both with the government and Yu's counsel regarding subpoena requests and preparation of responses to subpoenas and discovery requests.  All other expenses listed, which include review of filings, correspondence regarding Yu's sentencing, discussions regarding a press release and journalism coverage, and trial preparation, are excluded, as are items that are too heavily redacted to be of use to the Court.  In total, the Court allows $48,557.25 on this category.

In Chan, Judge Talwani also tested the attorneys' fees request against market rates before awarding restitution.  Chan, 2019 WL 3975579, at *8-9.  Some other district courts have done similar analyses.  See, e.g., United States v. Avenatti, No. (S1) 19 CR. 373 (PGG), 2022 WL 452385, at *11 (S.D.N.Y. Feb. 14, 2022), aff'd, 81 F.4th 171 (2d Cir. 2023); United States v. Napout, No. 15-CR-252 (PKC), 2018 WL 6106702, at *9 (E.D.N.Y.

[8]

Nov. 20, 2018); United States v. Donaghy, 570 F. Supp. 2d 411, 431 (E.D.N.Y. 2008), aff'd sub nom. United States v. Battista, 575 F.3d 226 (2d Cir. 2009). Affirming the District Court decision in Chan, the Court of Appeals did not address this issue. See Chan, 981 F.3d at 65.

Here, lead counsel billed ADI at an hourly rate[5] of $1,516.50 for his time attending the criminal trial.[6] See U.S. Br. Re. Restitution, Ex. 1, ECF No. 406-2. This is akin to hiring a brain surgeon to pop a pimple. Nice work if you can get it. ADI swears it paid this invoice in full.[7]

While this Court disallowed this charge as not reasonably necessary, see p. 7, supra, the general question remains: is this fee reasonable? While hourly billing rates are a hot topic where **civil** case adjudications trigger fee shifting awards,[8] this

---

[5] To understand how we got here, one can do no better than to reflect on Carl M. Sapers, Fifty Years of Large – Firm Practice in Boston, in Legal Chowder: Lawyering and Judging in Massachusetts 73 (MCLE 2002).

[6] In April 1837, Abraham Lincoln billed $5.00 for attending a trial. Paul M. Angle, The Lincoln Reader 95 (Rutgers Univ. Press 1947).

[7] The Court is here relying on the good faith of ADI and legal counsel. Law Firms frequently have generalized billing rates but accept as full payment something less (sometimes considerably less). See McDonough v. City of Quincy, 353 F. Supp. 2d 179, 187 (D. Mass. 2005). This is known as "the yield" and it is each firm's closely guarded secret. Here the restitution order cannot be based on the amounts it was invoiced but on the amount ADI actually paid for the legal services reasonably necessary and foreseeable.

[8] Any judicial review of "reasonable" rates tends to hold rates down (if only due to the inordinate time it takes to

Court declines to import these considerations into this **criminal** case where the goal is a restitution order that will make a crime victim whole. Here ADI appears in good faith to have deployed its resources to obtain its chosen legal counsel and to engage such counsel in activities which, in its business judgment, best suited its interests. It is not for this Court to second guess those judgments when making its restitution determination.

Overall, the Court considers $298,687.10 of the fees incurred by ADI to be necessary and foreseeable to the prosecution as a whole.

### B. Calculating Those Fees Related to the Single Offense of Which Yu Was Found Guilty

As explained in Steward Healthcare, to hold a defendant responsible for restitution related to offenses for which she was acquitted would essentially be to punish that defendant for acquitted conduct. See Steward Healthcare Sys. LLC, 2023 WL 6626547, at *2. The Court, therefore, will reduce Yu's required restitution to that conduct for which he was found guilty. Of the allowed expenses above, any expenses incurred prior to Yu's

---

thrash these matters out). This is especially acute in the area of fee awards to plaintiffs' civil rights attorneys, perhaps because the payors are generally tax funded public agencies. See, e.g., Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 955 (1st Cir. 1984); Parker v. Town of Swansea, 310 F. Supp. 2d 376, 388 (D. Mass. 2004) (Dein, M.J.); McLaughlin by McLaughlin v. Boston Sch. Comm., 976 F. Supp. 53, 62 (D. Mass. 1997) (Garrity, J.).

third superseding indictment will be allowed in their entirety, as ADI was participating in the grand jury proceedings that led to an indictment on all counts.  That indictment was filed on January 26, 2022.  See Third Superseding Indictment, ECF No. 178.  For expenses incurred after that indictment, however, the Court will limit restitution to only one twelfth of the expenses allowed above, as Mr. Yu was only found guilty of one out of twelve counts of possession of stolen trade secrets, the crime as to which ADI was the victim.  See Jury Verdict, ECF No. 262.  Therefore, the total restitution Yu must pay is $196,554.98, which includes all necessary and foreseeable costs prior to January 26, 2022, and one-twelfth of all necessary and foreseeable costs after January 26, 2022.

**III. CONCLUSION**

The Government's request for restitution for victim ADI, ECF No. 406, is **ALLOWED in part**, and the Court orders Yu to pay $196,554.98 in restitution.

**SO ORDERED.**

>                           /s/ William G. Young
>                             WILLIAM G. YOUNG
>                                  JUDGE
>                                  of the
>                             UNITED STATES[9]

---

[9] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior

[11]

---

District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 46 years.